Greer v. Greer.

---

JOHN P. GREER v. ELIZABETH GREER.

1. PROMISSORY NOTES; *Sufficient Consideration.* G. owned a tract of land in Shawnee county, occupied as a homestead by himself and wife. They sold it to one C. for $3,500. Before the sale, it was agreed between the husband and wife, that in consideration of the latter's services in accumulating the property, she should receive a part of the money, and that she should have a note of $750, given by C. as part of the consideration. The wife took the note with the consent of G., and afterward G. obtained the note from his wife, with the understanding between them that he was to have the note discounted and retain a part of the money, and was to give his notes, secured by a mortgage, for the money kept by him. In pursuance of this agreement, G. took the $750 note from his wife, had it discounted, and returned her the money. She gave him $675, and, in consideration of this and previous loans, he executed to her two notes, one of $400 and one of $570.25, secured by a mortgage

on real estate. *Held,* The notes were given for a valid and sufficient consideration.

2. SET-OFF, *Insufficient.* G. and wife were tenants-in-common of a tract of land, occupying, using and tilling it as a farm. G., as the head of the family, controlled the outdoor business, receiving and converting the proceeds. The wife worked as farmers' wives ordinarily and usually do. While thus situated, G. expended in labor and money for valuable and lasting improvements on the land, with the knowledge and consent of his wife, $800 more than the latter. No accounts were kept by the parties of the proceeds of the farm, or of the labor and services of the wife. In an action to recover upon the notes and mortgage executed by G. to his wife, G. pleaded as a set-off said improvements. The trial court held that he could not recover therefor. *Held,* That this court will not interfere, as we may fairly assume, considering the relation, conduct and acts of the parties, that G. paid out the money and did the work gratuitously, and without expectation of pecuniary contribution from his wife.

*Error from Shawnee District Court.*

ACTION brought by *Elizabeth Greer* against *John P. Greer,* on two promissory notes, and for the foreclosure of a mortgage. Trial by the court, a jury being waived.

The following are the conclusions of fact and of law:

"1st. That the said defendant, on the 18th day of April, 1868, executed and delivered to the plaintiff the two promissory notes and the mortgage described in the petition.

"2d. That at the time, and until after the commencement of the action, the plaintiff and defendant were husband and wife—the marriage relation subsisting between them.

"3d. That this action was commenced upon the 26th day of November, 1875.

"4th. That the promissory note in the first cause of action in plaintiff's petition mentioned, was due and payable more than five years before the commencement of this action.

"5th. That the said notes and mortgage were executed by the defendant to the plaintiff for the following consideration, viz.: A short time prior to the execution of the notes and mortgage, the defendant held a note on Geo. McCarter for the sum of $750, which, with interest, amounted to about $900. This note was given for part of the purchase-money of a farm sold about three years before that time by the defendant to the said George McCarter for $3,500. The defendant agreed with the plaintiff that as she had worked hard and aided in accumulating the property, that she should have part

·of the· money, and that she might have this note, and that she ·· took it with his consent immediately previous to the time of the execution of the notes and mortgage sued on. The defendant obtained the said McCarter note from the plaintiff with the understanding between them that he was to have the note discounted and have part of the money, and then to give her notes and a mortgage in the petition mentioned, to secure her. In conformity with this agreement, the defendant took the McCarter note, had it discounted, and returned the money to her, upon which she retained nearly $300, and gave him about $675. Besides this, she had previously, at different times and in small sums, loaned him about $240. The sums thus loaned to him, added to the portion of the proceeds of the McCarter note, delivered to the defendant by the plaintiff and retained by him, constituted the consideration of the notes and mortgage set out in the plaintiff's petition; to which findings of fact the defendant at the time excepted.

"6th. That since the execution of the said notes and mortgage, the plaintiff has paid taxes on the mortgaged premises as follows, to wit: April 30, 1868, $8.17; Feb. 9, 1871, $40.12; May 8, 1872, $15; Jan. 7, 1873, $10.12; Dec. 5, 1873, $7.30; total, $80.71, which, with interest at the rate of 7 per cent. per annum on each amount from the date of payment, amounts to the sum of $105.51; to which findings of fact the defendant at the time excepted.

"7th. That nothing has been paid on the said notes and mortgage, and no part of said taxes has been repaid to the plaintiff; to which findings of fact the defendant at the time excepted.

"8th. That the amount due on the note in the second count of the plaintiff's petition is the sum of $959.78, exclusive of the taxes paid and attorney's fee; to which finding of fact the defendant at the time excepted.

"9th. That a reasonable attorney's fee for foreclosing the mortgage and prosecuting this action is $100.

"10th. That in the year 1872, the said plaintiff and defendant were tenants in common of the tract of land described in the eighth defense in the answer of the defendant, and as husband and wife occupying, using and tilling the same as a farm, the said defendant, as the head of the family, controlling the out-door business of the farm, and receiving and converting the proceeds of the farm, and the plaintiff working as a farmer's wife ordinarily and usually does, and each thus in that

position performing the ordinary work, labor and duties, and with the same control that husband and wife usually and ordinarily have; that while thus situated, and without any express agreement, or any arrangement or understanding on the part of the plaintiff to repay defendant, but with her consent, knowledge and approval, the defendant expended in making valuable and lasting improvements on said land in money and labor the sum of $800 more than the plaintiff; that is to say, with the knowledge, consent and approval of each other, the plaintiff made lasting and valuable improvements on said land, of the value of one thousand dollars. Nothing has ever been paid on this account by the plaintiff to the defendant."

And as conclusions of law the court found:

"1st. For the plaintiff, and that she is entitled to recover in this action for the amount due on the note in the second count of the petition mentioned, and for taxes paid on the mortgaged premises, and for attorney's fee for foreclosing, the sum of ($1,165.29) eleven hundred and sixty-five dollars and twenty-nine cents; to which finding and conclusions of law the defendant at the time excepts.

"2d. The plaintiff cannot recover upon the note in the first count of the petition set forth.

"3d. That for the improvements, found by the court in the conclusions of fact in the tenth finding, to have been made by the defendant, he cannot recover in this action, or set off the half value of the same against the claim sued on by the plaintiff.

Judgment in favor of Mrs. Greer, and John P. Greer brings the case here on error.

*John P. Greer*, plaintiff in error, for himself.

*John Martin*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the first day of November, 1875, the defendant in error commenced an action against the plaintiff in error, to recover the amount of two promissory notes, and to foreclose a mortgage made by plaintiff in error to defendant in error upon certain real estate, to secure the payment of the notes, one for $400, due in thirty months, and the

other for $570.25, due in five years from the date thereof. The notes and mortgage were dated April 15th, 1868, and the notes bore interest at ten per cent. per annum from date. The defendant in error also, in her petition, alleged that she had paid taxes on the mortgaged premises, and that the mortgage provided for a reasonable attorney's fee for foreclosing it.   She demanded judgment for the several sums.   The plaintiff in error answered, setting up several defenses, in substance as follows: First, a general denial; second, the statute of limitations as to the four-hundred-dollar note; third, a want of consideration as to both notes; fourth, payment of both notes; fifth, a set-off for the value of certain improvements, made by plaintiff in error upon land owned as tenants-in-common by the parties.   To these defenses, the defendant in error replied by a general denial.

During the December term of the court for 1875, the case was submitted to the court by agreement.   Special findings of fact and conclusions of law were made, and thereon judgment and a decree of foreclosure for the defendant in error were entered, except as to the $400 note.   As to that, the court sustained the statute of limitations.   The plaintiff in error made a motion for a new trial, which was overruled by the court, and he brings the case here.

Plaintiff in error contends, that the defenses of want of consideration and payment were fully sustained, and that the court erred in its findings to the contrary.   The finding concerning the consideration is as follows:

"A short time prior to the execution of the notes and mortgage, the defendant (plaintiff in error) held a note on Geo. McCarter for the sum of $750, which with interest amounted to about $900.   This note was given for part of the purchase-money of a farm sold about three years before that time by the defendant to the said George McCarter for $3,500.   The defendant agreed with the plaintiff, that as she had worked hard and aided in accumulating the property, that she should have part of the money, and that she might have this note; she took the note with his consent, immediately previous to the time of the execution of the notes and

mortgage sued on. The defendant obtained the McCarter note from the plaintiff, with the understanding between them that he was to have the note discounted, and have. part of the money, and to give her then the notes and mortgage mentioned in the petition. In conformity with this agreement, the defendant took the McCarter note, had it discounted, and returned the money to her, upon which she retained nearly $300, and gave him about $675. Besides this, she had previously, at different times, and in small sums, loaned him about $240. The sums thus loaned to him, added to the portion of the proceeds of the McCarter note, delivered to the defendant by the plaintiff, and retained by him, constituted the consideration of the notes and mortgage set out in the plaintiff's petition."

This finding is sustained by the evidence of the defendant in error, and the consideration being ample in law, we cannot interfere against it, although the plaintiff in error testified that Mrs. Greer obtained the McCarter note at his office, without his knowledge or consent, and that he was forced to give the notes sued on in order to get the note back, as we are compelled to leave the settlement of question of fact in cases of conflicting testimony to the trial court, which sees and hears the witnesses. (*K. P. Rly. Co. v. Kunkel*, 17 Kas. 145; *Gibbs v. Gibbs*, 18 Kas. 419.) The same remarks and decision are also applicable to the defense of payment. Mrs. Greer testified that the plaintiff in error paid the incumbrance on the land bought of A. S. Holmberg in March, 1867, but that he obtained about $600 from her land which he used in payment, or used for himself.

Plaintiff in error further claims that the court erred in its conclusion of law, that for the improvements found to have been made by the plaintiff in error, he is not entitled to recover anything as a set-off. The finding of fact upon which this conclusion of law was based, is as follows:

"In the year 1872, the said plaintiff (defendant in error) and defendant (plaintiff in error) were tenants-in-common of the tract of land described in the eighth defense in the answer of the defendant, and as husband and wife, occupying, using and tilling the same as a farm; the said defendant as the head of the family controlling the out-door business of the farm,

and receiving and converting the proceeds of the farm; the plaintiff working as a farmer's wife ordinarily and usually does, and each thus in that position performing the ordinary work, labor and duties, and with the same control that husband and wife usually and ordinarily have; that while thus situated, and without any express agreement or any arrangement or understanding on the part of the plaintiff to repay defendant, but with her consent, knowledge and approval, the defendant expended in making valuable and lasting improvements on the land in money and labor the sum of $800 more than the plaintiff; that is to say, with the knowledge, consent and approval of each other, the plaintiff made lasting and valuable improvements on said land, of the value of one thousand dollars. Nothing has ever been paid on this account by the plaintiff to the defendant."

Under § 21, ch. 55, Compiled Laws 1879, the defendant in error would be required, ordinarily, to contribute ratably to the payment of such improvements, but the relation of the plaintiff in error to the defendant at the making of the improvements, his conduct and acts, clearly show no intention on his part at that time of demanding any compensation therefor. He received the proceeds of the farm, and made no account to his wife; she did the usual work of a farmer's wife and made no charge; and taking all the circumstances of the case together, it would seem that the claim of compensation for a portion of the improvements was an afterthought. It would be grossly unjust to allow for such improvements, without any account being taken of the work of the wife, and the receipts of the farm. As no separate accounts of these items were kept by the parties, and as the trial court has found that plaintiff in error was not entitled to recover for the improvements, we may well assume that the plaintiff in error paid out the money and did the labor for the improvements gratuitously, and without expectation of pecuniary reward.

A question is attempted to be made about the right of the court to adjudge the mortgage a lien on the real estate, but we cannot consider that matter, as it was not contested in the trial court, and no defense over the validity of the mortgage was made in the answer.

The other matters presented by the plaintiff in error are equally untenable, with the exception of the claim against the allowance of the attorney's fee of $100. It is conceded by the counsel of defendant in error, that the court committed error in allowing it.

The judgment of the district court will be modified to the extent of remitting therefrom the attorney's fee of $100, and in all other respects it will be affirmed. The costs in this court will be divided between the parties.

All the Justices concurring.