THE WHEELER & WILSON MANUFACTURING COMPANY
v. HENRY MORGAN.

1. WIFE—*Sale of Husband's Property.*  A wife is not, simply because she
   is a wife, authorized to sell or trade the property of her husband, although
   such property consists in a sewing machine kept in the house and used
   exclusively by herself.

2. CONTINUANCE; *Power of Court.*  When, on a motion for a new trial,
   affidavits are filed charging that the jury were improperly influenced in
   coming to a verdict, the court is justified, even without a formal appli-
   cation from either party, in continuing the hearing of the motion for the
   purpose of a fuller investigation of the charge, and this in the interest
   of a pure and honest administration of justice.

3. VERDICT, *Ought Not to be Set Aside, When.*  The mere fact that one called
   and sworn as a witness on behalf of the defendant, outside the jury box
   and in the hearing of one of the jurors, made a remark reflecting upon
   the credibility of one of the other witnesses of the defendant, is not suffi-
   cient ordinarily to justify a court in setting aside the verdict against the
   defendant, and this notwithstanding such witness was on the trial after-
   ward called and examined by the plaintiff.

*Error from Atchison District Court.*

ACTION brought by *Morgan* against the *Wheeler & Wilson
Manufacturing Company,* to recover $45 as damages for the

alleged wrongful taking and conversion of a sewing machine. June 24, 1882, in the district court the plaintiff recovered a judgment for $32.50 against the defendant company, which brings the case here. The opinion states the facts.

*Gilbert & Walker*, for plaintiff in error.

*Smith & Solomon*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The defendant in error, plaintiff below, brought his action against the defendant, to recover the sum of $45 as damages for the alleged wrongful taking and conversion of a sewing machine. The facts briefly stated are these: Plaintiff owned a Singer sewing machine, which he had bought in Kentucky and brought with him to this state. During his absence from home, the defendant, by one of its agents, carried off. said Singer sewing machine and left in its place a Wheeler & Wilson sewing machine. The defendant claimed that this was done by virtue of a contract with the the wife of plaintiff, by which a new Wheeler & Wilson sewing machine was sold to her, and the old machine taken in part payment. As evidence of this, it introduced a written contract which was signed by plaintiff's wife, she not being able to write, but making her mark thereto. On the other hand, plaintiff's wife testified that the defendant simply took away the Singer machine for the purpose of repair, and left the other machine with her for the purpose of trial; that she signed the written contract under representations of the agent that it was simply for a return of the machine after it had been repaired, and that she, being unable to read, relied on these representations. Judgment was rendered by the justice of the peace in favor of the plaintiff. An appeal was taken to the district court, where after trial before a jury, judgment was again rendered in favor of plaintiff, and defendant now alleges error.

We think there is very little in this case save questions of fact, and upon those the verdict of the jury is conclusive.

Noticing briefly the points made, it is insisted that the court erred in refusing three instructions asked by defendant. Part of the matters contained in these instructions was given by the court in its general charge, and the balance was properly refused because it is not good law. It is not true that the plaintiff's wife, simply because she was his wife, had the right to sell or trade his property, although such property was a sewing machine kept in the house and used by her exclusively. Unless the machine was her property, either by gift or purchase, or she had authority from her husband, either express or implied, she had no right to sell or trade it. So far as the actual facts of the transaction between plaintiff's wife and defendant's agent are concerned, the testimony was conflicting, and there was enough to justify a verdict either way. The same may be said as to the value of the old machine. While doubtless defendant's witnesses showed themselves better informed, and therefore more qualified to testify as to values, yet a jury is not to be blamed if it places little credence upon the testimony of witnesses whom it believes guilty of such acts as the plaintiff's witnesses charged upon the defendant's.

Again, on the hearing of a motion for a new trial, the defendant offered in evidence some affidavits tending to show undue and improper influence on the jury. The court on the application of plaintiff continued the hearing of the motion for additional evidence, and thereafter several of the jurors were subpenaed and testified on the further hearing of the motion. The defendant insists that the court abused its discretion in ordering such continuance. We think not. The record fails to disclose what showing, if any, the plaintiff made for such continuance. Even if none was made, we think the court would be justified on its own motion and without any formal application on the part of either party, in postponing the hearing and directing further inquiry as to the charge of improper influences upon the jury. It is a matter which concerns not alone the parties but also the court and the public, that the administration of justice should be kept free from improper influ-

ences. And when such a charge is made the court owes it to itself and to the public to investigate the truth of the charge. Therefore, whether any showing was made for this continuance or not, we think the court committed no error in granting it.

One other matter requires notice. It is charged that the jury received testimony other than that given from the witness box. There were affidavits tending to show that John Sigwald, a witness in the case, conversed with some of the jurors outside the jury box in reference to the case. After an examination of the affidavits and other testimony, we are inclined to think that as to some of the alleged conversations the charge is not sustained. We think Mr. and Mrs. Clark must have been mistaken as to what they supposed they heard. As to the other conversations, it is doubtful at least whether they were directly addressed to a juror, or whether what was said was in reply to a general inquiry by one of many persons. Be that as it may, the remark was simply a reflection on one of defendant's witnesses, and the witness Sigwald himself was in the first instance called and examined by the defendant, though afterward called and examined by the plaintiff as to the character for truth and veracity of one of the other witnesses of the defendant. It may also be added that the juror testified that the remark of the witness Sigwald did not influence his conclusion as a juror. Taking all the testimony together, we do not think there is enough to justify us in overruling the decision of the trial court sustaining the verdict of the jury. There being no other matter requiring notice, the judgment will be affirmed.

All the Justices concurring.