The Missouri Pacific Railway Company v. Mrs. Ray Weil.

**No. 612.**

Railroads—*Duty as Bailee.*   A railway company which, as bailee, accepts goods for storage in its depot after such goods have reached their destination is bound in law to deliver the same to the consignee or to his authorized agent.

Error from Reno district court; F. L. Martin, judge.   Opinion filed July 10, 1899.   Affirmed.

*J. H. Richards, C. E. Benton,* and *C. M. Williams,* for plaintiff in error.

*R. A. Campbell,* and *R. J. Cannell,* for defendant in error.

The opinion of the court was delivered by

MILTON, J.: The plaintiff in error seeks to reverse a judgment of the district court of Reno county in favor of the defendant in error in the sum of $129.68. The facts appearing in the record are, in brief, as follows: The defendant in error delivered to the plaintiff in error, at St. Louis, Mo., to be forwarded to Hutchinson, Kan., one box of clothing, of the alleged value of $144.45, receiving a bill of lading therefor. After the goods reached Hutchinson, the defendant in error requested the station agent to hold the goods for a few days, and the agent consented to do so, without charge for storage. About thirty days after the arrival of the box of goods, the husband of the defendant in error was introduced to the railway company's agent at the depot in Hutchinson, and stated that he had "come for that box," meaning the box billed to the defendant in error. The goods were thereupon delivered to him, and he disposed of the same, all of which acts were without the knowledge or consent of the defendant in error, who was ignorant of the fact that he had obtained the goods until some days later, when she called for the box. She held the bill of lading, and the same had not been transferred. The defendant in error and her husband were not living together.

The district court instructed the jury that the only question of fact for their determination was the fair market value of the goods at the time they were delivered by the defendant company to a person other than the plaintiff; that the defendant, having as bailee accepted the goods from the plaintiff, was bound in law to deliver the same to her or her authorized agent, and that there was no evidence in the case to

show that the goods were so delivered.   An examination of the record shows that the evidence warranted the giving of this instruction.   The court refused to give certain instructions asked for by the defendant below, which in effect stated that the delivery of the box of goods to the husband of the defendant in error was only slight negligence and not such as to render the railway company liable for the loss of the goods. The instructions were properly refused, as not being the law and as invading the province of the jury. (*Wheeler & Wilson Mfg. Co. v. Morgan*, 29 Kan. 519; *L. L. & G. Rld. Co. v. Maris*, 16 id. 333; *U. P. Rly. Co. v. Moyer*, 40 id. 184, 19 Pac. 639.)   The judgment of the district court is affirmed.