J. M. RANDALL v. THE *B*OARD OF COUNTY COMMIS-
SIONERS OF THE COUNTY OF BUTLER.

No. 12,594.   (68 Pac. 1083.)

SYLLABUS BY THE COURT.

1. FEES AND SALARIES—*Probate Judge.* The salary of fifteen dol-
lars per annum for each thousand of inhabitants of a county, allowed
to probate judges for services rendered under the prohibitory
liquor law by section 2 of chapter 165, Laws of 1887 (Gen. Stat.
1901, § 2454), has not been taken away by the provisions of chap-
ter 131, Laws of 1897, entitled "An act fixing the fees and salaries
of certain officers and persons named therein." (Gen. Stat. 1901,
§§ 3023 *et seq.*)

2. STATUTORY CONSTRUCTION—*Repeals by Implication.* The re-
peal of statutes by implication considered.

Error from Butler district court; G. P. AIKMAN,
judge.   Opinion filed May 10, 1902.   Reversed.

*Redden, McKeever & Hayden, H. W. Schumacher,* and
*Moore & Berger,* for plaintiff in error.

*W. M. Rees,* for defendant in error.

The opinion of the court was delivered by

SMITH, J. :   The plaintiff in error was probate judge
of Butler county from January, 1897, until January,
1901.   During that time the county had a population
exceeding 21,000.   He sued in the court below to re-
cover from the county the sum of $1317.84, for salary
due him under the prohibitory liquor law.   The sec-
tion of the statute under which the claim is made
reads :

"The probate judge shall receive no fees for his serv-
ices under this act, except a salary of fifteen dollars
per annum for each one thousand inhabitants in such
county, the number to be determined by the last an-
nual census return of such county, but in no case

shall such salary exceed the sum of one thousand dollars per annum, to be paid by the county commissioners as other salaries." (Laws 1887, ch. 165, § 2; Gen. Stat. 1901, § 2454.)

If the above-quoted section of the law of 1887 is still in force, the right of the plaintiff below to recover is clear. The question is whether said section was repealed by the provisions of chapter 131, Laws of 1897, entitled "An act fixing the fees and salaries of certain officers and persons therein named." (Gen. Stat. 1901, §§ 3023 *et seq.*) There is no express language in the law of 1897 indicating a repeal of the former act, but it is insisted that the latter act operates to repeal the former by necessary implication.

Chapter 131 of the Laws of 1897 makes provision for the compensation of all county officers. Except as to probate judge, it provides that the amounts stated in the various sections which the different officers may receive for fees and salaries shall be in "*full compensation*" for services. Section 12 (Gen. Stat. 1901, § 3034) begins: "The probate judge of each county shall receive for his services the following fees." Then a list of fees is given which he is authorized to charge, with no mention, however, of any amount allowed for filing statements returned to him by druggists, made by persons who have bought intoxicating liquors for medical, scientific or mechanical purposes, as provided in section 2 of chapter 165 of the Laws of 1887 (Gen. Stat. 1901, § 2454). To sustain the contention of counsel for the county, we must hold that it was intended by the act of 1897 to deprive the probate judge of all fees and compensation whatever for services in filing the statements returned to him by druggists above mentioned.

Section 12 of the Laws of 1897 (Gen. Stat. 1901,

§ 3034), a part of which we have quoted above, contains this provision : "In addition to the fees herein provided, the probate judge shall be entitled to receive such fees as are or may be provided by law for such service under the prohibitory laws." There being no law in existence at the time. the act of 1897 was passed allowing the probate judge to take and keep fees under the prohibitory law, may we not give effect to the language of the legislature by saying that it has reference to that kind or method of compensation provided for by the then existing law, to wit, the salary fixed in section 2 of chapter 165, Laws of 1887 ? If this question be not answered affirmatively, then we must impute to the legislature the fault of using expressions without meaning, and of making reference to a law as existing when, in fact, it had no existence.

As above stated, if section 2 of chapter 165, Laws of 1887, has been repealed, it has not been expressly done, but by implication only. It is a well-settled rule that, if both acts of the legislature can stand, it is our duty to give effect to both. In *Stephens v. Ballou,* 27 Kan. 594, 601, it was said :

"In other words, can the legislature amend these sections or the section of any statute in any other mode than that prescribed by the constitution ? It is only in rare cases and reluctantly that we should hold that it can. But, as before intimated, we must hold, though cautiously, that statutes may in some cases be amended or modified or repealed even by implication, and without the new act containing the entire section or sections amended or modified or repealed. But before we should hold that any section of the law has thus been amended or modified or repealed, we should. be satisfied that such has been so done, beyond all reasonable doubt. If the provisions of the old act and of the new can be reconciled by any possible mode of interpretation or construction, if the old act and

the new can both be given force and effect, according to their terms and under any circumstances, then it should never be held that one overturns and destroys the other, but both should be given full force and effect.'' (See, also, *Hornaday v. The State*, 63 Kan. 499, 65 Pac. 656.) ,

As said in the opinion from which we have quoted, we must be satisfied beyond reasonable doubt that the, later act repeals the earlier before we can refuse to give effect to the former.

In passing on the nature of the duties devolving on the probate judge under the prohibitory law, this court said, in *The State, ex rel., v. Brown, Probate Judge*, 35 Kan. 167, 170, 10 Pac. 594, 596, that ''a probate judge, in granting a druggist's permit, acts somewhat as a commissioner of licenses or permits. . . . In the performance of such duties he is not acting as a judge or as a court.'' To the same effect, see *Intoxicating-liquor Cases*, 25 Kan. 751, 37 Am. Rep. 284. We think that it may be fairly said that the fees prescribed under the fee-and-salary act of 1897 for the probate judge have reference to such fees as relate to the performance of duties usually imposed upon a probate judge as a constitutional officer, and that compensation for services rendered apart from such duties and in aid of the enforcement of the prohibitory law is not denied to him by implication by the law of 1897.

Under chapter 188, Laws of 1901 (Gen. Stat. 1901, § 7518), the probate judge is required to furnish annually to the several township trustees a list of and the value of estates in the process of settlement in his court. For such services he is allowed a fee of ten cents for each estate so certified. This compensation is for services rendered beyond those properly coming under his jurisdiction as probate judge, and, in such

respect, is in the same category as salary earned under the prohibitory law.

Section 1 of chapter 131, Laws of 1897 (Gen. Stat. 1901, § 3023), the title of which is given above, provides "that the officers and persons herein mentioned shall be entitled to receive for their services the fees and compensation herein allowed, and no other, *except as may be otherwise provided by law.*" This exception, under the rule respecting repeals by implication laid down in *Stephens v. Ballou,* supra, must exclude from the act on which the exception operates the salary of the probate judge given by the law of 1887. The application of proper and well-settled rules for the construction of statutes convinces us that the salary law mentioned above has not been repealed.

The judgment of the court below will be reversed, with directions to overrule the demurrer to the petition.

CUNNINGHAM, GREENE, POLLOCK, JJ., concurring.