No. 27,651.

THE STATE OF KANSAS, *Appellee*, v. FLORENCE KOONTZ, *Appellant*.

(257 Pac. 925.)

SYLLABUS BY THE COURT.

LARCENY—*Ownership of Property—Husband and Wife*. The marriage relation does not make it impossible for a married woman to be prosecuted for the larceny of the separate property of her husband.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed July 9, 1927. Affirmed.

*James H. Barnes,* of Kansas City, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *Arthur J. Mellott,* county attorney, and *William K. Ward,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Florence Koontz was found guilty of the larceny of property belonging to her husband. The evidence tended to show that appellant and A. A. Koontz were married in August, 1925; that they lived together in Kansas City, about half the time between that date and September 20, 1926; that at supper on that date appellant gave her husband sleeping powders in his coffee. He became drowsy, retired early and slept soundly. That night appellant left and took

Arson, 5 C. J. p. 554 n. 15, 17. Common Law, 12 C. J. p. 196 n. 43. Embezzlement, 20 C. J. p. 416 n. 56. Husband and Wife, 30 C. J. pp. 507 n. 54, 508 n. 63, 509 n. 84, 522 n. 54, 530 n. 17, 554 n. 15, 715 n. 74, 783 n. 90 new, 801 n. 75, 952 n. 90, 954 n. 14. Larceny, 36 C. J. p. 783 n. 83.

with her a Dodge touring car, her husband's trunk with practically all of his clothing, two revolvers, his watch, a diamond ring, and $66 in cash from his pocket. She apparently hid out over in Kansas City, Mo. In December of that year Mr. Koontz saw the car on the street in Kansas City, Mo., being driven by one H. A. Pauley, who said it belonged to appellant and that he was driving it for her. Pauley accompanied the officers to her apartment. It was there found he was carrying Mr. Koontz's watch and wearing some of his clothes, all of which had been given to him by appellant. Appellant had given the revolvers to someone who helped her get the stuff away and had pawned the diamond ring. She was charged with the larceny of all the property taken. Appellant contended the ring had been given to her by her husband and the automobile had been paid for in part since their marriage. The taking of the property and the disposition made of it was not denied. Among others the court gave the following instructions:

"No. 8. If you find from the evidence that all or any part of the property alleged to have been taken from the husband, Archie Koontz, by the defendant, Florence Koontz, was derived from their joint efforts and earnings, then you are instructed that the taking of such property, as you find from the evidence was derived from the joint efforts and earnings of both of the defendant and Archie Koontz, by Florence Koontz, would not constitute larceny."

Four forms of verdict were furnished the jury: One, if the jury found her guilty of the larceny of the automobile, another if guilty of grand larceny, another if guilty of petty larceny, and the fourth if not guilty. Appellant was found guilty of petty larceny. It is evident that the jury did not find appellant guilty of the larceny of the automobile, nor the diamond, nor the money taken, but did find her guilty of the larceny of her husband's watch, wearing apparel and personal effects; and as to these they were kind enough to appellant to place a low value upon them. She appealed, and contends that a married woman, by reason of her marriage relation, has such an interest in the property of her husband that she cannot commit the crime of larceny concerning it as that offense is defined by our statutes (R. S. 21-533, 21-535); that such property is not "the property of another." This contention cannot be sustained.

At common law crimes against the property of another cannot be committed by husband or wife against the property of the other owing to the unity of husband and wife and the rights of the husband in the property of the wife. (See, generally, 30 C. J. 715; as

to arson, 5 C. J. 554; embezzlement, 20 C. J. 416; larceny, 36 C. J. 783.) But in this country, generally speaking, the respective rights of husband and wife in personal property are governed by the law of the domicile (30 C. J. 509). The common law rule above mentioned has no application in this state for two reasons: First, we have no common-law crimes in this state (*State v. Young*, 55 Kan. 349, 40 Pac. 659); all crimes are statutory. Second, by our constitution (art. 15, § 6) and statutes (R. S. 23-201 *et seq.*) the common law rule of the unity of property rights of husband and wife has been abrogated. The separate ownership of property by a husband, or a wife, is clearly recognized. (*Going v. Orns*, 8 Kan. 85; *Knaggs v. Mastin*, 9 Kan. 532; *Harrington v. Lowe*, 73 Kan. 1, 19, 84 Pac. 570; *Brecheisen v. Clark*, 103 Kan. 662, 176 Pac. 137; *Putnam v. Putnam*, 104 Kan. 47, 52, 177 Pac. 838.) The husband, or wife, may sue the other respecting their property rights. (*Greer v. Greer*, 24 Kan. 101; *Green v. Green*, 34 Kan. 740, 10 Pac. 156.) The marriage relation gives the wife no authority to sell the personal property of her husband (*Wheeler & Wilson Manuf'g Co. v. Morgan*, 29 Kan. 519), and we see no reason why that relation should confer upon her the right to steal his property.

Decisions in point from other states are neither numerous nor especially helpful. *Beasley v. The State*, 138 Ind. 552, and *Hunt v. State*, 72 Ark. 241, accord with the views here reached, while *State of Ohio v. Phillips*, 85 Ohio St. 317, although perhaps limited to the class of property there involved, reaches a contrary view. Some authorities are collected in the note, 29 L. R. A., n. s., 830.

As related to the crime of arson this court, in *State v. Shaw*, 79 Kan. 396, 100 Pac. 78, held:

"Under the laws of this state the legal identity of husband and wife does not prevent a husband who burns his wife's house from being guilty of arson."

The same principle applies to the case here. Its application requires us to hold that a woman who steals the separate property of her husband has stolen the "property of another" within the meaning of our statutes. (R. S. 21-533, 21-535.)

Appellant complains of the refusal to give instructions requested and of instructions given, especially No. 8. The argument here involves the question already discussed. There is no error in the instructions given of which appellant can complain.

The judgment of the court below is affirmed.