No. 31,848

Ed C. Wolff, *Appellant*, v. F. F. Rife et al., *Appellees*.

(38 P. 2d 102)

Opinion filed December 8, 1934.

*Donald Muir*, of Anthony, for the appellant.
*Guy Neal*, of Anthony, for the appellees.

The opinion of the court was delivered by

Thiele, J.: This was an action in mandamus to compel the defendants, constituting the board of county commissioners, to pay to plaintiff, the clerk of the district court, certain fees claimed to be due to him by reason of R. S. 1933 Supp. 28-117c, being chapter 189 of the Laws of 1931, and hereafter referred to as the judicial council fee act.

Plaintiff's motion for a writ of mandamus alleged the capacity of the parties, and that pursuant to the above statute and on request of the judicial council of the state of Kansas he furnished complete, accurate and detailed information with respect to cases disposed of or pending in his office as clerk of the court, and that

he had charged and collected and turned over to the county treasurer the sum of $17.30; that on August 4, 1933, he filed his sworn voucher to which was attached a statement from the chairman of the judicial council that he had requested complete and accurate information respecting cases in the Harper county district court for the year beginning July 1, 1932, and that the clerk of said court (plaintiff) had reported on 173 cases under the above statute and was entitled to be paid the sum of $17.30. The motion further alleged that it is mandatory upon the defendant board to pay said sum upon the filing of said voucher and certificate from the judicial council; that said board had on file since August 4, 1933, the voucher and certificate, but failed, neglected and refused to pay the same to plaintiff; that by reason of this official dereliction plaintiff had been compelled to retain legal counsel and had been damaged in the sum of $50; that he was entitled to a peremptory writ of mandamus compelling the defendant board to allow said claim and cause it to be paid, and for his damages for which he prayed. Attached to the motion was a verified claim or voucher bearing an indorsement of the county attorney that he had examined the bill and found it to be legal, and attached to the voucher was the certificate of the chairman of the judicial council. An alternative writ was issued. A demurrer was filed, but by agreement was treated as a motion to quash. Upon consideration by the court it was concluded that plaintiff was not entitled to the relief prayed for and that he is precluded from recovery due to the provisions of chapter 186 of the Laws of 1933 (R. S. 1933 Supp. ch. 28, art. 4), hereafter referred to as the emergency fees and salaries act.

The plaintiff has appealed. The principal question before us is whether that portion of the judicial council fee act providing for payment to the clerk of the court for his services rendered thereunder was repealed by the emergency fees and salaries act. When the judicial council was established by enactment of chapter 187 of the Laws of 1927 (R. S. 1933 Supp. 20-2201 *et seq.*), the purpose was to provide for a study and survey to be made of the volume and business of the courts in order to simplify procedure, correct faults and expedite the transaction of judicial business, as a reference to the act will show. This required the collection of information from the clerks of the courts and from other officers having to do with law enforcement, and by section 5 of the act all such officers were

required to furnish this information without cost upon request of the judicial council. This did not prove entirely satisfactory, for, in some counties, it necessitated considerable extra labor and expense for which no provision was made. To remedy the situation the act here under discussion was enacted. It reads:

"That when the judicial council requests clerks of the district court to furnish complete and accurate detailed information with respect to cases disposed of or pending in their respective courts, and such clerks do so, the chairman of the judicial council shall certify that fact to the board of county commissioners of the county from which the report is made, together with the number of cases so reported, and the board of county commissioners shall allow and pay to the clerk of the court a sum equal to a fee of ten cents for each case so reported, the sum so paid to be in addition to the salary of the clerk of the court as provided by law. The clerk of the court shall tax a fee of ten cents as costs in each case filed, which fee shall be collected as other costs are collected by the clerk of the court, and when collected shall be paid by him into the county treasury." (R. S. 1933 Supp. 28-117c.)

It will be observed that under this act a special fee is charged for the purpose of paying the clerk the amount due to him, the sum so paid to be in addition to the salary of the clerk provided by law.

The emergency fees and salaries act was passed in 1933 and is effective only to March 31, 1935. The second section of the act reads:

"That all officers herein mentioned in all counties of this state shall receive for their services the compensation herein allowed, and no other fees, mileage, salaries, commissions, perquisites, costs or other things of value of any kind or nature whatsoever unless specifically allowed them by the terms of this act." (R. S. 1933 Supp. 28-402.)

The seventeenth section has to do with the salary paid to the clerk of the district court, and lists the fees to be charged by him. It is significant that the fee of ten cents for furnishing information to the judicial council is not listed either in the emergency fees and salaries act or in the act which it supersedes (R. S. 1933 Supp. 28-117, being Laws 1925, ch. 166, § 1), although in both acts it is provided that fees in naturalization cases shall be as prescribed by the federal government, and that all fees collected for any services performed which may be required by law shall be paid into the county treasury and become a part of the general fund. There is nothing in the emergency fees and salaries act which in any way pretends to repeal the provisions of the judicial council fee act with respect to fees payable to the clerk of the district court. The pro-

visions of the last act are in a sense special as distinguished from general legislation with respect to the clerk's fees, and if the legislature had intended to restore the clerk to the position he was in before the law (R. S. 1933 Supp. 28-117c) was enacted, it would have repealed that act. If the act was repealed, it must have been by implication, a repeal not favored in the law (*Voran v. Wright,* 129 Kan. 1, 281 Pac. 938; 129 Kan. 601, 284 Pac. 807), and then only when the latter enactment is so repugnant to the provisions of the first act that both cannot be given force and effect (*Randall v. Butler County,* 65 Kan. 20, 68 Pac. 1083). The fact that the fees charged by the clerk under the judicial council act are paid to the county treasurer for the particular purpose of being repaid to him upon his compliance with the statute, and that there is no indication of a legislative intent to appropriate these fees to a different purpose, in addition to what has been said, leads us to the conclusion that the enactment of R. S. 1933 Supp. 28-401 *et seq.* did not repeal R. S. 1933 Supp. 28-117c, and that the clerk is entitled to the fees charged by him as above mentioned.

Appellee urges that plaintiff had a plain and adequate remedy at law, and that mandamus did not lie. In the case before us there was no dispute as to the facts, simply the question of the force and effect of certain statutes. The decision in this case is for the guidance of every board of county commissioners in this state, and the use of mandamus in such case has been sanctioned. (See *State, ex rel., v. Williams,* 139 Kan. 599, 602, 32 P. 2d 481, and cases cited.)

It was alleged that the county attorney held the claim in controversy to be legal, notwithstanding which the defendant board refused payment and compelled plaintiff to retain counsel to bring this action. We express no opinion as to whether plaintiff should recover damages nor, if so, the amount thereof. Under the disposition made by the trial court, this phase of the matter has not received its attention.

The judgment of the trial court is reversed, and the cause remanded for further proceedings consistent herewith.

HARVEY, J., not sitting.