No. 44,285

Bruce Mitchel Harrah, *Appellee,* v. Wilma B. Harrah, *Appellant.*

(409 P. 2d 1007)

January 22, 1966. Opinion filed

*A. Staneart Graham,* of Pittsburg, argued the cause and was on the brief for the appellant.

*Harold H. Crook,* of Pittsburg, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: This is an appeal from a judgment of the district court granting a divorce and awarding alimony and a division of property of the parties pursuant to K. S. A. 60-1610 (*b*).

The appellant wife, defendant below, was granted a divorce on her cross-petition but appeals from the portion of the judgment of the trial court awarding alimony and dividing property between the parties.

Although the record appears to be incomplete, the pertinent facts are summarized as follows:

The appellee husband and appellant wife were married December 6, 1952. There were no children born to the marriage. The husband was disabled at the time of the marriage and was unable to work for two years thereafter. As compensation for his injury, the husband received a $1,500.00 settlement but did not resume work until the parties moved to Kansas City, Missouri, in

1954. During the next four years, the parties acquired various properties. In 1956 they traded the husband's old car and $1,000.00, paid by the wife, for a Chevrolet station wagon now worth $300.00. The husband's parents deeded real estate to him in 1941, which he reconveyed in 1963 to himself and wife in joint tenancy. Improvements were made on the house located on this property and 21 payments of $44.00 each remain due on a siding contract. Other real estate was purchased and later sold. Part of the proceeds were invested in an invention enterprise which failed. In 1959 the parties purchased six $1,000.00 series "E" government bonds from the wife's savings and part of the proceeds of the husband's settlement. Three of these bonds were cashed to pay medical expenses for the husband's mother. The other three bonds are in the custody of the Clerk of the District Court of Crawford County. During 1959 the husband returned to Pittsburg. The wife continued to work in Kansas City and made periodic visits to Pittsburg. They opened a joint banking account in Pittsburg to which both parties made deposits and from which most of the improvements on the home were paid.

The husband is now 59 years of age and employed as a custodian by the Pittsburg school system with a net pay of $246.13 per month. The wife is 56 years of age and is employed in the city government of Kansas City, Missouri, with a net pay of $222.52 per month.

The district court found plaintiff husband had been guilty of extreme cruelty and gross neglect of duty and on a cross-petition granted defendant wife a divorce. An allowance of alimony and a division of the real and personal property was made as follows: the husband was awarded as his separate property, the household furnishings, the 1956 Chevrolet station wagon, and the real estate where he resides subject to the indebtedness from the siding contract. The wife was awarded as a division of property and permanent alimony the three series "E" bonds face value $1,000.00 each, and the further sum of $3,500.00, payable $500.00 on January 15, 1965, and $500.00 on that same date on each succeeding year until the full sum is paid. This judgment was to be a lien upon the real estate awarded husband. Attorney fees were denied both parties and costs were assessed against the husband.

Appellant wife contends that the judgment rendered by the district court under K. S. A. 60-1610 (b) awarding alimony and a division of property of the parties, was in violation of Art. 15, § 6,

of the Kansas Constitution, and K. S. A. 23-201. In view of the aforementioned constitutional provision and statute, appellant insists that the court had no authority to include the $3,000.00 of United States series "E" bonds in the award as these bonds were the sole and separate property of appellant. To do so, according to appellant, would repeal 23-201 by implication, a practice which is not favored by this court.

The contention of appellant presents a problem, the solution of which requires the reconcilement, if possible, of 60-1610 (*b*) recently enacted as a part of the new civil code, with 23-201, implementing the constitutional provision of Art. 15, § 6.

In Art. 15, § 6, the constitution directed the legislature to provide for the protection of the rights of women in acquiring and possessing property separate and apart from the husband. The direction was carried out by the enactment of 23-201 *et seq.*, 23-201 providing as follows:

"The property, real and personal, which any woman in this state may own at the time of her marriage, and the rents, issues, profits or proceeds thereof, and any real, personal or mixed property which shall come to her by descent, devise or bequest, or the gift of any person except her husband, shall remain her sole and separate property, notwithstanding her marriage, and not be subject to the disposal of her husband or liable for his debts."

The Kansas Constitution also vested the power to grant divorces in the district courts, but the exercise of such power by the courts was expressly made subject to regulation by law.

"All power to grant divorces, is vested in the district courts, subject to regulation by law." (Const. Art. 2, § 18.)

The authority of the legislature to regulate the district court's exercise of its power to grant divorces was defined in *Durland v. Durland*, 67 Kan. 734, 736, 737, 74 Pac. 274:

"The word 'regulation' is of broad signification, and in the absence of restrictive words the power granted must be regarded as plenary over the entire subject. The causes for which a divorce may be granted may be prescribed, and none other will suffice. Rules of procedure to be followed by the courts in granting relief for the causes named may be established, and no other course may be pursued. The rights, duties and obligations of the parties may be fixed and their social status determined as a consequence of divorce, and so far as this is done it is conclusive. The period for which a breach of matrimonial duty must be endured before an action may be brought may be ordained. The conduct of the cause may be prolonged and the ultimate effect of the decree postponed. And since a judgment of divorce is, in the absence of some countervailing law, self-executing, the legislature may impose upon the judgment itself such limitations as shall effect a stay. . . ."

It would appear that with such broad authority, the legislature was acting within its power when K. S. A. 60-1610 (*b*) was enacted, replacing G. S. 1949, 60-1511 of the previous civil code.

Under 60-1610 (*b*), the court has authority to divide the property, real and personal, whether owned by either spouse prior to the marriage or acquired in his or her own right after the marriage, or acquired by their joint efforts in a just and reasonable manner. Although the predecessor statute required the court to recognize the source of the property, with the enactment of 60-1610 (*b*), the legislature clearly enlarged the power of the trial court to divide the property of the spouses. The power of the trial court is now limited only by the admonition that the division shall be "in a just and reasonable manner."

To determine whether the statutes under consideration can be reconciled, it is necessary to first arrive at the real intention of the legislature. (*White v. Kansas City*, 102 Kan. 495, 170 Pac. 809.) In so doing, the statutes are to be read together and harmonized, if at all possible, to the end that both may be given force and effect. (*State v. Burney*, 194 Kan. 292, 398 P. 2d 335; *In re Estate of Park*, 147 Kan. 142, 75 P. 2d 842; *Marshall v. Marshall*, 159 Kan. 602, 156 P. 2d 537.)

At common law the husband had almost absolute control over his wife. He was entitled to her services and consequently to her earnings and all of her possessions. A married woman had no legal existence apart from her husband and thus could not contract in her own name. She was in a condition of complete dependence. (*Norris v. Corkill*, 32 Kan. 409, 411, 4 Pac. 862.) However, the inclusion of Art. 15, § 6, in the Kansas Constitution and the enactment of G. S. 1949, 23-201, *et seq.*, now K. S. A. 23-201, *et seq.*, as Justice Burch, speaking for the court, explained it,—

". . . irretrievably broke down the common-law theory of marital unity, destroyed the notion of feminine subjection to baronial authority, threw off the restraints of coverture, and installed the modern doctrine of the equality of man and wife before the law." (*Harrington v. Lowe*, 73 Kan. 1, 18, 84 Pac. 570.)

The obvious purpose of the constitutional provision and the implementation thereof by the married women's statutes was to give the wife an equal opportunity to acquire and possess property and to protect her rights therein upon the marriage and subsequently during the marital relationship. The salient consideration was the relationship of the parties to each other and to society

during their marriage, not to the rights of husband and wife upon the dissolution of their marriage.

This court has applied 23-201 in recognition of the separate property rights of the husband and wife during marriage in numerous actions. The husband or wife may sue the other respecting their property rights. (*Greer v. Greer*, 24 Kan. 101; *Green v. Green*, 34 Kan. 740, 10 Pac. 156.) The husband and wife relationship does not impose upon either spouse a legal or moral obligation to pay taxes upon real estate owned by the other. (*Nagle v. Tieperman*, 74 Kan. 32, 85 Pac. 941.) The wife has no authority because of the marriage relation to sell the personal property of her husband (*Wheeler & Wilson Mfg. Co. v. Morgan*, 29 Kan. 519), nor does she have the right to steal his property. (*State v. Koontz*, 124 Kan. 216, 257 Pac. 944.) However, a search of the cases fails to reveal that 23-201 has ever been applied to uphold the separateness of a wife's property in a divorce proceeding. In such proceedings it appears that G. S. 1949, 60-1511 (now K. S. A. 60-1610 [*b*]) has been relied on as controlling. No cases holding to the contrary have been cited by appellant.

In *Elliott v. Elliott*, 154 Kan. 145, 150, 114 P. 2d 823, consolidated actions in ejectment and to set aside a deed, the court noted an argument that 23-201 did not allow the district court to include the wife's separate earnings in a divorce decree. The court found that no appeal had been taken from such decree, thus it was final and could not be questioned in a collateral proceeding. The decision is not authority for the application of 23-201 as controlling the division of property in an action for divorce.

From the consistant application of G. S. 1949, 60-1511 (now K. S. A. 60-1610 [*b*]) rather than 23-201 in divorce proceedings, it may be inferred that this court has long recognized the difference in purpose of the two statutes which we are now called upon to expressly define.

Certainly appellant has shown us no reason why we should depart from our previous interpretations of the legislature's intent when it enacted 23-201. The district courts are not limited in their discretionary power to divide the property of the husband and wife in a divorce proceeding by Art. 15, § 6, implemented by 23-201. The provisions of those sections merely established rights for the wife at the advent of and during her marriage, while 60-1610 (*b*) provides for a disposition of the property on dissolution of marriage.

In view of what has been said we find no basic inconsistency or repugnancy between 23-201 and 60-1610 (*b*).

Appellant argues that to uphold the district court's division of the property would be a repeal of 23-201 by implication. We agree that a statute should not be repealed in such a manner. (*Wolff v. Rife,* 140 Kan. 584, 38 P. 2d 102.) However, since we have found no conflict in the purpose of 23-201 and 60-1610 (*b*) this rule of law has no application to the present case.

Since we have determined the two statutes not to be in conflict the only question remaining for our consideration in this appeal is whether the judge exercised his discretion under 60-1610 (*b*) in a just and reasonable manner. This court has long adhered to the view that a division of property made by the district court in a divorce action will not be disturbed unless it is clearly shown there was an abuse of discretion, (See *Preston v. Preston,* 193 Kan. 379, 394, P. 2d 43; *Dikeman v. Dikeman,* 191 Kan. 68, 379 P. 2d 314.) Although the source of the property no longer affects the trial court's decision as a matter of law, it is still one of the practical considerations along with the contributions of each spouse and the length of the marriage.

In the present case it appears that the parties began married life with few assets, the most valuable being the real estate deeded to appellee by his parents and his unliquidated compensation claim. Though appellee did not work the first two years, he has held a job since 1954, and it is assumed his wages were used for the benefit of both parties. They failed to accumulate much property during the marriage but it appears that which they did acquire was by their mutual efforts. Despite appellant's claim that she purchased the government bonds with her own money, the record indicates that appellee contributed a portion of the $1,500.00 settlement he received for his injury in the purchase of those bonds. As for the judge's exercise of his discretion, the value of the property given to appellee and appellant appears to be nearly an equal division of the property held by both parties. The salary each makes is approximately the same, an important consideration in view of the $3,500.00 in alimony payments appellee is required to make. Without better evidence of an inequitable division of the property, we cannot overrule the decision of the trial court who heard the evidence and determined the facts.

In view of the foregoing, we conclude that the trial court did not commit error and we affirm the judgment.