(603 P.2d 647)

No. 50,751

NANCY WACHHOLZ, *Appellee,* v. JOHN WACHHOLZ, *Appellant.*

Opinion filed December 7, 1979.

*John Black,* of Black & Black, of Salina, for appellant.

*Kathy R. Vetter,* of King, Stokes, Knudson & Nitz, Chartered, of Salina, for appellee.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

ABBOTT, J.: This is an appeal from that part of a judgment in a divorce action awarding to the plaintiff, Nancy Wachholz, all of the interest of the defendant, John Wachholz, in and to seventy acres of land in Johnson County, Kansas.

The seventy acres were purchased by the parents of Nancy Wachholz who conveyed it to themselves, Nancy Wachholz and John Wachholz as joint tenants with the right of survivorship. Nancy Wachholz's and John Wachholz's interest in the land resulted from gifts from Nancy's parents except for the sum of $3,942.64 plus interest which was paid by Nancy after the parties separated and this action was filed. The various gifts appear to have been made specifically one-half to John and one-half to Nancy.

John Wachholz asserts that under K.S.A. 1978 Supp. 23-201 his interest is separate property by reason of the gifts from Nancy's parents to him and thus not subject to division pursuant to K.S.A. 60-1610(*c*). The parties do not question that the method by which the property was acquired and the fact that it was held by them as joint tenants with the right of survivorship might not qualify it as being separately owned property under K.S.A. 1978 Supp. 23-201. By reason of the disposition made in this case, we choose not to raise this issue.

K.S.A. 1978 Supp. 23-201 provides:

"(*a*) The property, real and personal, which any person in this state may own at

the time of his or her marriage, and the rents, issues, profits or proceeds thereof, and any real, personal or mixed property which shall come to him or her by descent, devise or bequest, or by gift from any person except his or her spouse, shall remain his or her sole and separate property, notwithstanding the marriage, and not be subject to the disposal of his or her spouse or liable for the spouse's debts.

"(b) Property, other than property described in subsection (a) or property excluded by a written agreement by the parties, acquired by either spouse after marriage and before commencement of an action for divorce, separate maintenance, or annulment, regardless of whether title is held individually or by the spouses in some form of co-ownership such as joint tenancy or tenancy in common, shall be marital property. Each spouse has a common ownership in marital property which vests not later than the time of commencement by one spouse against the other of an action in which a final decree is entered for divorce, separate maintenance, or annulment, the extent of the vested interest to be determined and finalized by the court pursuant to K.S.A. 1978 Supp. 60-1610, and any amendments thereto."

The Kansas Supreme Court construed K.S.A. 23-201 in *Harrah v. Harrah,* 196 Kan. 142, 409 P.2d 1007 (1966). The statute at that time consisted only of subsection (a). The Supreme Court recognized the difference in purpose of K.S.A. 23-201 and 60-1610, stating that 23-201 had never been applied to uphold the separateness of a wife's property in a divorce proceeding and that such property was subject to K.S.A. 60-1610. The Court reasoned that K.S.A. 23-201 merely established rights for the wife at the advent of and during marriage while 60-1610 provided for a disposition of the property on dissolution of the marriage.

K.S.A. 1978 Supp. 23-201 has been amended twice since *Harrah* was decided. The first amendment in 1976 consisted of erasing gender from the statute and had the effect of extending to men as well as women any privileges and benefits conferred by statute. The second amendment became effective July 1, 1978, and added subsection (b). John Wachholz contends that by adding subsection (b) the legislature intended to significantly alter divorce law as it existed prior to the 1978 amendment.

In construing statutes, a number of principles have heretofore been established. The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. *State v. Dumler,* 221 Kan. 386, Syl. ¶ 1, 559 P.2d 798 (1977); *Farm & City Ins. Co. v. American Standard Ins. Co.,* 220 Kan. 325, 552 P.2d 1363 (1976). In interpreting a statutory provision that is susceptible to more than one construction, it

must be given the construction which, when considered in its entirety, gives expression to its intent and purpose. *United Parcel Service, Inc. v. Armold,* 218 Kan. 102, Syl. ¶ 2, 542 P.2d 694 (1975).

When determining legislative intent of a statute, courts are not limited to a mere consideration of the language employed, but may properly look to the historical background of its enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under various constructions suggested. *Southeast Kansas Landowners Ass'n v. Kansas Turnpike Auth.,* 224 Kan. 357, 367, 582 P.2d 1123 (1978); *State v. Luginbill,* 223 Kan. 15, Syl. ¶ 2, 574 P.2d 140 (1977).

We view the legislative change in K.S.A. 1978 Supp. 23-201 to be a reaction to the decision in *United States v. Davis,* 370 U.S. 65, 8 L.Ed.2d 335, 82 S.Ct. 1190 (1962), where the United States Supreme Court held that inchoate rights granted to a wife in the separate property of her husband do not reach the dignity of co-ownership and thus the transfer to the wife pursuant to a property settlement agreement of appreciated stock owned solely by the husband was a taxable event.

A similar result was reached concerning Kansas law in *Wiles v. C.I.R.,* 499 F.2d 255 (10th Cir. 1974), wherein it was resolved that a taxable event occurred when appreciated property owned solely by one spouse was transferred to the other pursuant to a Kansas divorce decree. The Kansas legislature reacted by amending K.S.A. 23-201 and adding subsection (*b*) in what we consider to have been an obvious effort to aid Kansas residents in avoiding the harsh results reached in *United States v. Davis* and *Wiles v. C.I.R.* The amended statute went into effect on July 1, 1978, and fifteen days later the Kansas Supreme Court handed down its decision in *Cady v. Cady,* 224 Kan. 339, 581 P.2d 358 (1978), rejecting *Wiles,* as it had every right to do under the decision in *Davis,* holding:

"The filing of a petition for divorce or separate maintenance creates a species of common or co-ownership and a vested interest in one spouse in jointly acquired property held by the other, the extent of which is to be determined pursuant to K.S.A. 1972 Supp. 60-1610(*b*) (now K.S.A. 60-1610[*c*])." Syl. ¶ 1.

We are of the opinion that *Cady* and subsection (*b*) of K.S.A. 1978 Supp. 23-201 provide for the same end result, and that is to make the transfer of property that is acquired during the marriage

by either or both spouses and transferred to the other by a divorce decree to be a nontaxable event, even though title is held individually, since it is merely a transfer between co-owners. The reference in subsection (*b*) to K.S.A. 1978 Supp. 60-1610 is merely to clarify that the *extent* of the vested interest there created is to be determined by the court in its division of property in the divorce. This is not a novel approach; it has been recognized by others. See Keith (Casey) D. Cohen, 47 J.B.A.K. 275, Property Settlements in Divorce and Kansas Senate Bill #907, where Cohen reviewed Kansas Senate Bill No. 907 (1978 Supp. 23-201) and stated at 283:

"The statute states that marital property gives each spouse common ownership and that such rights vest not later than the time of the commencement of the divorce action. The legislature is thus attempting to counteract *Wiles* and strengthen the taxpayers' argument that a property settlement in Kansas is nothing more than a nontaxable division of property. The statute also makes clear that a spouse's rights in marital property are not merely inchoate but rise to the dignity of co-ownership with vesting not later than the time of commencement of the divorce action. This statute would place Kansas in line with Colorado and Oklahoma."

In commenting upon the reason for the enactment of the law by the legislature, Mr. Cohen notes as follows at 283-84:

"One can quickly see that the Kansas Legislature's main purpose in enacting Kansas Senate Bill #907 was to protect Kansans from federal income taxation on property settlement agreements made pursuant to a divorce action."

As we view the amended statute, it appears to us that the legislature did not intend to alter prior or existing Kansas divorce law, and the addition in 1978 of subsection (*b*) was solely for the purpose of allowing greater flexibility in the division of property as a result of the termination of a marriage by eliminating the possibility of the division creating a taxable event. In short, the intent and purpose of the legislature in adopting subsection (*b*) was clearly limited to affecting taxation. It does not, by implication, alter the reasoning or the holding of *Harrah*.

We have examined the other arguments by John Wachholz, and while not directly responding to them we find them to be without merit. Our examination of the record on appeal causes us to conclude that the trial court did not abuse its discretion in awarding to Nancy Wachholz the interest of John Wachholz in and to the seventy-acre tract in Johnson County.

Affirmed.