*In re* FRANK MURRAY and WILLIAM SHEA, *Petitioners.*

No. 18,452.

SYLLABUS BY THE COURT.

HABEAS CORPUS — *Robbery—Indeterminate Sentence—Statutes Construed.* The enactment of chapter 375 of the Laws of 1903 (Crim. Code, § 272a), known as the indeterminate-sentence law, did not repeal by implication the penalty for the crime of robbery on a railway train provided by section 1 of chapter 174 of the Laws of 1901.

Original proceedings in habeas corpus. Opinion filed February 8, 1913. Writ denied.

*L. N. Wylder,* and *A. L. Clotfelter,* both of Kansas City, for the petitioners.

*John S. Dawson,* attorney-general, and *S. M. Brewster,* special assistant attorney-general, for the respondent.

The opinion of the court was delivered by

PORTER, J.: On December 12, 1908, the petitioners, having been tried and convicted of the crime of robbery on a railway train, were each sentenced to confinement and hard labor in the state penitentiary for a period of not less than ten years. Section 1 of chapter 375 of the Laws of 1903 (Crim. Code, § 272*a*), known as the indeterminate-sentence law, provides that the court in imposing such sentence shall not fix the limit of duration of the sentence. The failure of the district court to follow the provisions of the statute, however, is not relied upon by the petitioners. Obviously if that were the only ground it could not avail them, because the court would simply direct that the petitioners be returned to the district court to be resentenced. (*In re Howard,* 72 Kan. 273, 83 Pac. 1032.)

The point relied upon for their release is that by the enactment of the indeterminate-sentence law the legislature repealed the penalty for the crime of robbery on a railway train provided by section 1 of chapter 174 of the Laws of 1901 (Gen. Stat. 1909, § 2888). In the last-mentioned statute the penalty for the crime is "confinement in the penitentiary for a term of not less than ten years, or for life." It was passed in 1901. Two years later came the indeterminate-sentence law, which provides that every person convicted of a felony or other crime punishable by imprisonment in the penitentiary, except murder or treason, shall be sentenced to the penitentiary, but that the term shall not exceed the maximum nor be less than the minimum term provided by law for such offense, the release of such person to be afterwards determined under other provisions of the act. It is not claimed that the penalty clause of the act of 1901 is expressly repealed, but that it was repealed by implication, and that since the

former law provided a determinate sentence for the offense the term can not become indeterminate under the act of 1903. Repeals by implication are not favored, especially where they result in overturning the manifest intent of the legislature or produce absurd consequences. Courts are required to construe statutes and to uphold their plain and obvious provisions; and when necessary it is their duty to reconcile apparent inconsistencies and ambiguous provisions. Courts were not created to defeat the legislative will nor to seize upon the technical meaning of phrases in order to declare a statute void or in conflict with some previous enactment. In *The State v. Knoll,* 69 Kan. 767, 77 Pac. 580, this same statute was held to have repealed by implication a section of a former statute. The title to the act showed an express intention to repeal section 5685 of the General Statutes of 1901 (Crim. Code, § 240, Gen. Stat. 1909, § 6819), but the body of the act expressly repealed another section and made no reference to the section mentioned in the title. A consideration of the entire scope and purpose of the statute satisfied the court as to the real intention, and that was allowed to prevail. Courts always proceed with great caution before deciding that a statute has been repealed by implication. (*Stephens v. Ballou,* 27 Kan. 594, 601; *Randall v. Butler County,* 65 Kan. 20, 68 Pac. 1083.)

We find no difficulty in reconciling both statutes and giving force to both. It would be absurd to conceive of the legislature intending by the adoption of the indeterminate-sentence law thereby to repeal all penalties for the crime of robbery on a railway train. It does not follow by any means that the sentence imposed by the terms of commitment deprives the petitioners of the benefit of the indeterminate-sentence

law.   The termination of their imprisonment is left with the prison board, under the provisions of the act of 1903.

The writ is denied.