No. 19,604.

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*, v. THE CITY OF HUTCHINSON and OVERTON HICKMAN, as County Treasurer, etc., *Appellees*.

SYLLABUS BY THE COURT.

1. TAXATION—*Levy for General Improvements—Construction of Statutes.* Section 5 of chapter 95 of the Laws of 1911 merely limits the power of cities of the first class having a certain population to make levies for opening, widening and bring to grade streets, for building bridges, culverts and sewers, and for foot walks, to one mill on the dollar, and does not repeal section 125 of chapter 122 of the Laws of 1903 (Gen. Stat. 1909, § 989), authorizing cities of the first class to levy taxes for general improvements, except improvements for which special assessments are made.

2. SAME—*Levy to Pay Judgments—Statute Construed.* The act of 1903 referred to authorizes cities of the first class to levy a tax of one mill on the dollar for the purpose of paying judgments. The act of 1911 limits the levy for such purposes to one-fifth of a mill. Such a levy may be made by a city of the first class having the prescribed population, although the judgments against the city existing at the date of the levy belong to a class payable primarily out of the general fund.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed July 10, 1915. Affirmed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* and *Harlow Hurley,* all of Topeka, for the appellant.

*Walter F. Jones,* of Hutchinson, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover taxes paid which it is claimed the city of Hutchinson lacked power to levy. A demurrer was sustained to the petition and the plaintiff appeals.

The taxes complained of were four-tenths of a mill for general improvements and three one-hundredths of a mill for a judgment fund.

The statutes relating to the government of cities of the first class were revised in 1903 by chapter 122 of the Laws of that year. Section 125 of that act provided that the mayor and council shall levy taxes each year upon all the real, personal and mixed property in the city for the purposes and not to exceed the rate on each dollar, as follows: ( 1) For general revenue, six mills; (2) for general improvements except improvements for which special assessments are levied, six mills; . . . (5) for the purpose of paying off judgments, one mill.

Because of a change which had been made in the method of assessing property it became necessary in 1909 to limit the levy of taxes in the various taxing districts of the state. This was done by chapter 245 of the Laws of that year. Section 17 prescribed limitations on the power of cities of the first class having the population of the city of Hutchinson to levy taxes as follows: (1) For general revenue fund, two and one-half mills; (2) for general improvement fund except improvements for which special assessments are levied, two mills; . . . (5) for the purpose of paying judgments, one-half mill; . . . (8) all other levies authorized by statutes not specifically named were limited to one-fourth of the rate so levied.

In 1911 a act relating to cities of the first class was passed which amended and repealed four sections of the General Statutes of 1909. (Laws 1911, ch. 95.) To this act was appended a section making a further limitation upon the size of tax levies in cities of the first class. (§ 5.) These limitations were the following: (1) For general revenue, two mills; (2) for opening, widening and bringing to grade streets, avenues and alleys, for the building of bridges, culverts and sewers, and for foot

walks, one mill; . . . (7) all other levies authorized by statutes not specifically named were limited to one-fifth of the rate so levied.

The argument is that item 2 of the act of 1903 and the same item of the act of 1909 were repealed by item 2 of the act of 1911.

The act of 1903 was a grant of power and a command to levy taxes for the purposes stated, at not to exceed the rates specified. The acts of 1909 and 1911 merely revised rates. The power to levy taxes for general improvements other than improvements for which special assessments were levied remained. Item 2 of the act of 1911 did not cover all the general improvements contemplated by the act of 1903, and does not cover general improvements authorized by other statutes relating to cities of the first class. It could not have been the intention of the legislature in an act merely fixing a limit to levies to cut down the power of cities of the first class to make general improvements. The act of 1911 is not generally revisory. It specifies the particular statutes which it repeals, and section 125 of the act of 1903 (Gen. Stat. 1909, § 989) is not among them. Repeals by implication are not favored. Every canon of construction is against the contention of the plaintiff, and the general improvement levy complained of was valid.

The levy for a judgment fund is likewise valid. Such a levy is specifically authorized by the act of 1903 (item 5) and the levy made was within the limit of the act of 1911 (item 7). The fact, stated in the petition, that the judgments existing against the city when the levies were made were payable out of the general fund makes no difference. Even such judgments may be paid out of the judgment fund after other judgments are satisfied. (Gen. Stat. 1909, § 1081.) The case of *Railway Co. v. Kansas City,* 92 Kan. 300, 140 Pac. 1040, related to the action of a city of the second class and does not apply. In the opinion in that case the absence of a statute expressly authorizing a levy by a city of the second class to pay judgments was pointed out.

The judgment of the district court is affirmed.