No. 29,397.

THE STATE OF KANSAS, *Appellee,* v. PAULINE WEBB, *Appellant.*

(3 P. 2d 485.)

Opinion filed October 10, 1931.

*Benjamin F. Endres,* of Leavenworth, and *Don Shaffer,* of Hutchinson, for the appellant.

*Roland Boynton,* attorney-general, *R. O. Mason,* assistant attorney-general, *Joseph J. Dawes,* county attorney, and *F. C. Bannon,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case involves two propositions: first, that the section of the statute under which the appellant was charged, tried, convicted and sentenced had been repealed by implication by a subsequent enactment which leaves the trial court without jurisdiction and makes the judgment and sentence void; and, second, that there was a complete failure of evidence to prove one of the essential elements of the crime charged.

The defendant with others was charged with having conveyed into the state penitentiary two disguised instruments, to wit, revolvers, being proper and useful to aid prisoners to escape, with the intent thereby to facilitate the escape of William Webb lawfully committed to and at the time being detained in the state penitentiary for the crime of robbery in the first degree. The section under

which this charge was made was enacted in 1868. It is in the Revised Statutes of 1923 as section 726 of article 21, and is as follows:

"Every person who shall convey into the penitentiary, or any jail or other place of imprisonment, any disguised instrument, arms or other thing proper or useful to aid any prisoner in his escape, with intent thereby to facilitate the escape of any prisoner, lawfully committed to or detained in any such place of confinement and hard labor, for any felony whatever, whether such escape be effected or attempted or not, shall upon conviction be punished by imprisonment in the penitentiary for a term not exceeding ten years."

A statute somewhat similar in its provisions was enacted in Kansas in 1891, being designated as R. S. 76-2424, and is as follows:

"That if any person, whether undergoing sentence in the penitentiary or not, shall furnish any implements or weapons or information for the purpose of aiding convicts to escape from the state penitentiary or the custody of an officer, upon conviction thereof shall be sentenced by the court for a term of not less than one year nor more than five years at hard labor in the state penitentiary."

The contention of the appellant is that this last enactment repealed by implication the earlier one under which she was charged and sentenced, that it covers the subject matter of the former law and was designed to take its place. A comparison of the two laws shows the following differences: the old law makes it an offense to convey into the penitentiary, jail or other place of imprisonment any disguised instruments, arms or other thing proper or useful to aid the prisoner in his escape; the new law punishes any person who shall furnish any implements or weapons or information to aid the prisoner to escape. The wrongful act under the old law is the conveying of such instrument into the penitentiary, and under the new, the furnishing of such instrument. A party might have loaned the defendant a revolver for such purpose and have been guilty under the new law, but not under the old. And the party who conveyed it into the penitentiary would undoubtedly have been guilty of furnishing it under the new. So that the new law in this respect might well be said to cover the subject matter of the former law and meet the first requirement laid down in the case of *State v. Hoover,* 78 Kan. 863, 98 Pac. 276, for repeal by implication. But can it be said that all the important provisions of the old law are found in the new as further prescribed in the decision just cited? The new law punishes the one who loaned the revolver the same as the one who conveyed it into the penitentiary, with a maximum

confinement at hard labor for five years, while the old law punished the one who conveyed it into the penitentiary with a term not exceeding ten years. A similar distinction exists between our statutes R. S. 21-537 and 21-535. The former prescribes a punishment in the penitentiary for a term not exceeding seven years for any larceny, regardless of value, committed in a dwelling house, while the latter punishes only with a jail sentence or a fine not exceeding $100. The latter includes the former and the crime is a larceny regardless of where it was committed, but none the less a separate and distinct crime when committed in a dwelling house. Likewise our statutes defining and punishing burglary, R. S. 21-513 to 21-523, include and cover burglaries of all kinds, but a separate statute, R. S. 21-525, punishes more severely the person committing a burglary with explosives. It therefore cannot be reasonably said that the legislature intended the new law against furnishing firearms for prisoners to take the place of the old against carrying such into the penitentiary. The provisions of the old and the new can be easily reconciled so that each will retain a separate and distinct field of application, and both laws can be given force and effect according to their separate terms and provisions. Under such circumstances it cannot be said that the new act was clearly intended to take the place of the former act.

"If the provisions of the old act and of the new can be reconciled by any possible mode of interpretation or construction, if the old act and the new can both be given force and effect, according to their terms and under any circumstances, then it should never be held that one overturns and destroys the other, but both should be given full force and effect." (*Stephens v. Ballou,* 27 Kan. 594, 601.)

"In order that a specific provision of a legislative act be repealed by the implication arising from the passage of a subsequent act, such subsequent act must contain that which was clearly intended to take the place of such specific provision." (*Gilbert v. Craddock,* 67 Kan. 346, syl. ¶ 1, 72 Pac. 869. See, also, *Fuller v. Atchison, T. & S. F. Rly. Co.,* 124 Kan. 66, 74, 257 Pac. 971; and *In re Murray,* 88 Kan. 855, 857, 129 Pac. 1144.)

In this connection it may be further observed that the new law covered two additional points not included in the old, that of furnishing information to the prisoner to aid him in making an escape and was not limited to an escape from the penitentiary, but also from the custody of an officer.

Section 16, article 2, of our constitution requires that "no law shall be revived or amended, unless the new act contain the entire

act revived or section or sections amended and the section or sections so amended shall be repealed." And no rule of construction is more familiar to the profession than the one that "repeals by implication are not favored." (*Lauer v. Livings*, 24 Kan. 273, 277; *Kansas Breeze Co. v. Edwards*, 55 Kan. 630, 633,. 40 Pac. 1004; *Railway Co. v. City of Hutchinson*, 96 Kan. 202, 204, 150 Pac. 534; and *Fuller v. Atchison, T. & S. F. Rly. Co.*, 124 Kan. 66, 72, 257 Pac. 971.)

The second contention of the appellant is that the state completely failed to prove that she actually conveyed the revolver, disguised or undisguised, into the penitentiary, and refers to the lack of testimony of any witness who saw her convey such weapon into the prison, and cites the testimony of many witnesses who described the uniform rules followed in carefully watching and observing all visitors and carefully inspecting the prisoner visited immediately after the visit terminates. The theory, however, of the state was that the revolver purchased by the appellant shortly before was not slipped to the prisoner in person on the occasion of one of her visits to her husband, but that it was placed in an empty coal car in the brickyard just outside the penitentiary walls before the car was pinched in for use; that she and others were seen near these empty coal cars shortly before the attempted escape, and it was the duty of another prisoner, named Cheatem, to pinch in such cars when needed, and Cheatem was one of the prisoners attempting to escape with the husband of the appellant. This revolver and another procured by her companion, seen with her near the empty cars, were found in the hands of the deceased husband of the appellant and his companion, Collins, at the end of the heroic fight made by the deputy warden to prevent their escape. There was, we think, ample evidence to sustain the verdict of the jury on this theory.

The judgment is affirmed.