No. 32,816

ELSIE B. CAMPBELL, *Appellant*, v. LYMAN CAMPBELL et al., *Appellees*.
(58 P. 2d. 1133)

248

Opinion filed July 3, 1936.

*Ed T. Hackney,* of Wellington, and *E. R. Sloan,* of Topeka, for the appellant.

*H. W. Goodwin* and *W. H. Schwinn,* both of Wellington, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to partition real estate. Judgment was for defendants sustaining a motion for judgment on the pleadings. Plaintiff appeals.

The action was brought by the divorced wife of one of the defendants against her former husband and his five brothers. In her petition she alleged that she was the owner of an undivided one-sixth interest in certain real estate, describing it. This real estate is all located in Sumner county, Kansas. The petition then alleged that this ownership was shown by a journal entry of divorce, a copy of which was attached to the petition. The petition then alleged that the defendants other than her husband were each the owner of an undivided one-sixth of the property and that her husband claimed some interest in it.

The petition then made some allegations that would entitle plaintiff to an accounting. The prayer was for a partition and for an accounting.

The copy of the journal entry of divorce which was attached recited service by publication, that defendant did not appear and that the court found plaintiff to be entitled to the relief prayed for. The plaintiff was granted a divorce from the defendant and the custody of the minor child. The journal entry also contained the following provision:

"The court further finds and adjudges that the plaintiff should have as her alimony, for the support of herself and child, all of the defendant, Lyman Campbell's interest in and to the following-described land, situated in Sumner county, Kansas, to wit:"

The description then set out was of the land in controversy here.

It should be noted here that the parties to the action in which the above journal entry of judgment was entered were the plaintiff in this action and her husband, Lyman Campbell, who is one of the defendants. It will thus be seen that plaintiff bases her right to a judgment in partition of the real estate in question upon the provisions of the journal entry in the divorce action.

To this petition defendants answered that they were the owners of all the property in question and that plaintiff had no interest in it whatever. They further answered that Ralph Campbell took title to all the property in trust for Ralph Campbell, Charles C. Campbell, and Ernest W. Campbell, and later conveyed it to Charles C. Campbell, and Charles C. Campbell at the time of filing the answer held title to the real estate in trust for Ralph and Ernest; that at the time plaintiff and Lyman Campbell were married Lyman had no interest in the real estate in question and had acquired none since; and that plaintiff acquired no interest in the real estate in question on account of the decree in the divorce action heretofore referred to in this opinion.

The answer then proceeded to describe the divorce proceedings as follows:

The petition in the divorce action made no claim that defendant was the owner of any interest in real property in Sumner county and sought no interest in real property in Sumner county; and after the filing of the petition in the divorce action the plaintiff filed an affidavit for service by publication and this affidavit described no interest in real property and claimed no such interest; thereafter a publication notice was published, which was regular in every way, and this notice did not state that plaintiff was seeking to subject any real estate which Lyman Campbell might own in Sumner county to any judgment that the court might render in the divorce case. Copies of all the above papers had been mailed to defendant Lyman Campbell at his address in Oklahoma. Subsequent to the above proceedings the plaintiff filed an amended petition and a different affidavit for publication notice in the divorce case, and in both the amendment to the petition and the new affidavit plaintiff alleged that defendant was the owner of an interest in the real property in question and stated that plaintiff sought to subject such interest to the judgment of the court. Service was by publication, but such publication was void and of no effect because the first notice was published November 8, 1934, and the defendant was required to answer December 14, 1934, hence the statutory time for pleading was not allowed the defendant. The service was of no effect for the reason that no copy of the amended petition and of the summons was mailed to defendant, as required by law; and on the 21st day of December, 1934, the district court of Sumner county, Kansas, granted a divorce to the plaintiff in the divorce action, and by the

same judgment undertook to set over to the plaintiff all the interest of Lyman Campbell in the real estate in question.

The answer then alleged that the judgment granting the divorce to the plaintiff was a proper judgment because due service had been had upon the defendant, but that the judgment of the court relative to any interest in real property in Sumner county was void because no proper service was had upon the defendant Lyman Campbell on the amendment to the petition, which could submit any interest that the defendant might have had in Sumner county real estate to the jurisdiction of the district court of Sumner county. The files in the divorce case were made a part of the answer.

The answer prayed for a judgment that the real estate in question was owned in fee simple by Ernest W. Campbell, Ralph H. Campbell and Charlie C. Campbell and that their title be quieted against plaintiff.

No reply was filed. Plaintiff filed a motion to strike from the answer all reference to the divorce action for the reason that it did not state any defense to the action and for the further reason that it was an attempt to collaterally attack a judgment. This motion was denied. The defendants then filed a motion for judgment on the pleadings. This motion was sustained and judgment was rendered for defendants. The appeal is from each of the above rulings.

The defendants state that the sole question in this case is, Must a wife who seeks to appropriate to herself, as alimony, Kansas land belonging to her nonresident husband, describe or mention the land in the petition and state that she seeks to appropriate the land of the nonresident husband for alimony?

On account of the allegations of the answer with reference to the divorce action and because all the files in that action were made part of the answer by reference we will notice some of the files in this case. The petition in addition to the allegations charging cruelty alleged that the defendant had an interest in certain real estate, the exact nature of which was unknown to plaintiff. The prayer of the petition was as follows:

"Wherefore, Plaintiff prays for a decree of the court granting her an absolute divorce from said defendant and that she have judgment for the care and custody of said minor child, Ralph Brezo Campbell, and that she have an order of the court ordering the defendant to pay a reasonable sum for the support and maintenance of said minor child, and that she have judgment for alimony in some reasonable sum and an equitable division of the property together with costs including a reasonable fee for her attorney and for such other and further relief as to the court may seem equitable and proper."

The affidavit for publication notice was as follows:

"I, Elsie Campbell, of lawful age, being first duly sworn, do upon oath say that I am the plaintiff in the above-entitled action; that said action is brought for the purpose of obtaining an absolute decree of divorce, custody of child, alimony, support money, division of property and costs including her attorney fee, and that this affidavit is made for the purpose of obtaining service by publication on the defendant herein."

The first publication notice was as follows:

"Take notice that you have been sued by the above-named plaintiff in the above-mentioned court, and that unless you answer or plead to the plaintiff's petition filed in the office of the clerk of the above-named court in the above-entitled cause, on or before the 27th day of October, 1934, judgment will be rendered against you, divorcing plaintiff from you, dividing, settling and determining all property rights as an incident to said divorce action. Ordering plaintiff to have the sole custody of the ·minor child of said parties, and granting plaintiff alimony and maintenance money for said child, and for all further relief, including costs, in accordance with the allegations of plaintiff's petition."

The defendants contend that none of the proceedings subsequent to the first publication notice have any force or effect as to these defendants on account of irregularities described and that the court had no jurisdiction to make any judgment as to real estate owned by defendant, Lyman Campbell, in Sumner county, on account of plaintiff's failure to describe the land in her first petition or to state that she sought to appropriate the land in her first service by publication.

We will consider the case from that viewpoint. In the first place it is hardly correct to say that the plaintiff made no reference to real estate in her petition. She did ask for a reasonable sum for the support of her minor child and for alimony for herself in a reasonable sum and for an equitable division of the property. In her affidavit she stated that the action was brought for alimony, support money and division of property. The publication notice said unless answer was made judgment would be rendered for a divorce, custody of child, alimony, maintenance money and dividing, settling and determining all property rights as an incident to the divorce action. It is true that no reference was made to any specific real estate, but the defendant had notice that the plaintiff in that case was seeking alimony, support for their minor child and a division of property.

Defendants rely upon two cases that have been decided by this court. They are *Wesner v. O'Brien*, 56 Kan. 724, 44 Pac. 1090, and

*Rogers v. Rogers,* 93 Kan. 108, 103 Pac. 408. These cases are not entitled to the weight given them by defendants. In the O'Brien case land in a county other than that where the divorce case had been decided had been decreed to the plaintiff in the divorce case as alimony. Service had been had on the defendant husband by publication. The contention was that the court had jurisdiction to grant the divorce on such service, but not to decree land as alimony. It is true that the particular tract of land sought to be decreed was described in the petition in that case and reference is made to that in the opinion. However, it does not appear that this fact was a decisive one or that the result would have been different had the land not been described. It is worthy of note also that the land decreed in that case was located in a county other than the one in which the divorce was granted and there is good reason to conclude that reference was made to the fact that the land was described in the petition on that account.

In the Rogers case the petition for divorce had described the land in which the defendant husband owned an interest and then stated that defendant and plaintiff owned an undivided one-tenth interest in an undivided one-half interest in the described real estate. The prayer was for the undivided one-tenth interest in the undivided one-half interest in the described real estate. Service was by publication. The husband made no appearance. When the case was called the plaintiff was permitted to amend her petition by making it read that she prayed for "an undivided one-tenth interest." Such a judgment was decreed her. In the trial of a subsequent partition case the husband contended that so much of the judgment as decreed to Mrs. Rogers more than a one-twentieth interest in the land was void. His contention was that only the interest in the land described in the petition could be appropriated by the court as alimony for the wife. This court did not see fit to base the decision on that ground. Instead it was held that as a matter of fact the land was sufficiently described. The court said:

"Assuming, but not deciding, that it is still necessary to describe in a petition for alimony the land sought to be applied, it must be held, within the principles fully discussed in the Sharp case, that the description was sufficient to give jurisdiction." (p. 112.)

Again the court said:

"Having obtained jurisdiction to proceed in the suit for divorce and alimony, the district court had ample power to allow the amendment and to

render the judgment awarding one tenth of the tract to Mrs. Rogers as alimony. If erroneous, which we do not decide, it was not void." (p. 113.)

This court referred to the O'Brien case in the opinion in the Rogers case, but on the point that having once obtained jurisdiction of the land the court could appropriate it as alimony even though it lay in another county. It has already been noted in this opinion that the land in this case lay in Sumner county.

The statutes in this state vest the trial court with power to allow the wife such alimony as it shall think reasonable where the divorce is granted by reason of the fault of the husband. This alimony can be allowed to her in real or personal property or both. If the divorce is allowed on account of the fault of the wife, the statutes provide that the court shall allow her such share of her husband's real or personal property or both as to the court shall seem just and reasonable. (R. S. 60-1511.) From the time an action for divorce is filed the court may make any order as to the disposition of the property of both parties, and of the custody of the children, pending the outcome of the action, as to the court may seem proper. (R. S. 60-1507.) When a divorce is granted the court may make provision for the guardianship, custody, support and education of the minor children of the marriage and may modify or change any order in this respect whenever circumstances render such change proper. (R. S. 60-1510.) A divorce action may be commenced by service by publication where the defendant resides out of the state. (R. S. 60-2525.)

An action for divorce is different from other actions. It is an action to change a status as distinct from an action on a contract or on a tort. In such an action there is always an interest present besides the two parties. Where a husband has a wife and children it might very well be that he would be glad to remain out of the state until his wife had obtained a divorce, and then return. It is entirely proper and fitting that a deserted spouse should be enabled to sue for divorce and obtain service by publication where the other spouse remains out of the state so that actual service of summons cannot be had upon him. But what about the support of the deserted wife and child whom he has left behind? Society has an interest in their support and welfare. It is simple for a husband to be magnanimous and say that he is willing that the deserted wife shall have the custody of the minor children. He sometimes forgets that the children must be supported and that with the necessity

for support of minor children comes a diminished capacity for the wife to earn money. Accordingly our legislature has made the broad provision giving courts the great power they have with reference to children and alimony in divorce cases.

At the outset, it may be considered that a court has no power to give a personal judgment for alimony where the service has been by publication only and he has made no appearance and has no property within the jurisdiction of the court. Our question is not that, however. In our case the real estate in question was within the jurisdiction of the court, being located in the same county where the court was sitting. In such a case the action is one in rem and not in personam. (See *Wesner v. O'Brien*, supra.)

Our only question is whether the land of a defendant in a divorce action must be described specifically in the petition for divorce and in the affidavit for publication and the publication notice in order for the action to be one in rem against the land rather than in personam only against the defendant.

In *Twing v. O'Meara*, 59 Iowa 326, 13 N. W. 321, the court considered such a question and held that the description was not necessary. The trial court had given a wife a divorce and granted alimony to her, based on service by publication only. Land was decreed to her. Neither her petition nor her publication notice had described the land. The court said:

"It is urged that the property is not described in the petition for divorce, and that the plaintiff did not pray that this specific property should be set off to her as alimony. In our opinion neither of these things is essential to the jurisdiction of the court. In the divorce proceeding the plaintiff asked that she have a decree for such alimony as may be deemed equitable. This prayer was sufficient to authorize the court to give the relief granted in the case." (p. 331.)

In *Goore v. Goore*, 24 Wash. 139, 63 Pac. 1092, the petition of divorce described the land, but the affidavit for publication did not mention it nor did the publication notice. The land was decreed to the wife in the judgment for divorce. The husband contended in the same action subsequently that the trial court had no jurisdiction to do more than grant the divorce because the land was not mentioned in the notice or affidavit. The court held that the judgment as to the land was good, and said:

"It is no more necessary to mention the property in the affidavit than it is to mention the children. It is enough to say that the defendant cannot be found within the state, and that the action is for divorce in one of the cases prescribed by law, naming the case." (p. 142.)

In the case of *Closson v. Closson*, 30 Wyo. 1, 215 Pac. 485, the wife had mentioned the real estate in her petition for divorce and prayed that it be set over to her. Service was by publication and the husband did not appear. The wife was given judgment for a divorce and the land in question, located in the county where the action was brought, was decreed to her. Subsequently in an action to recover possession of land the husband admitted the validity of the decree insofar as it granted the divorce, but denied the jurisdiction of the court to grant further relief by setting over the property in question to the divorced wife. The argument was that neither the affidavit for service by publication nor the publication notice recited anything with reference to the real estate and hence the action was not in rem. The court did not uphold this contention and said:

"It is clear, therefore, that the legislature may by statute make the disposition of property within the jurisdiction of the court an incident of a divorce action. It is clear, also, that our statute does this by unequivocal language. It is elementary that if a court has power over the principal matter it has power also over its incidents. It follows, as shown by the foregoing authorities, that, under the statute, the court's jurisdiction in such a case to dispose of property is not lacking merely because the petition contains no reference thereto. The jurisdiction attaches pursuant to the statute. In this case the petition for divorce did refer to the property and pray for its disposition; but if these allegations were not necessary to an acquisition of jurisdiction to dispose of the property, we cannot see how the failure of the published notice to refer to them can be considered such a defect as would render the appropriate decree void on a collateral attack." (p. 14.)

In this case the plaintiff in the divorce case alleged in her petition that the defendant owned an interest in certain real estate, the exact nature of which was unknown to her. She asked for a reasonable sum for the support of the minor child, for alimony and for an equitable division of the property. The affidavit stated that she asked for the above relief. In her publication notice she notified the defendant that unless he answered judgment would be rendered for a divorce and dividing all property rights as an incident to the divorce action, for custody of the minor child, granting plaintiff alimony and maintenance money for the child, and for further relief. It appears from this petition that the plaintiff did not know just what the interest in real property was that the defendant owned. To place upon her the burden of an exact description of it under such circumstances would be manifestly unfair. Such would be the result of a holding in favor of the contention of defendants here.

It will be seen that there was sufficient in the publication notice to advise the defendant that the plaintiff was bringing her action for a division of the property, for alimony, and for support money for the child. All this relief is incidental to the action for divorce. Once the jurisdiction of the court was properly invoked for the purpose of granting the divorce, it was invoked for all proper relief incidental to the divorce. The decree entered became effective upon property within the jurisdiction of the court. It was an action in rem. That is the only question we have in this case.

· The judgment of the trial court sustaining a motion for judgment on the pleadings is reversed with directions to proceed with the partition suit in accordance with the views herein expressed.