No. 34,649

THE STATE OF KANSAS, ex rel. HARRY A. LANNING, County Attorney, *Appellant,* v. E. A. MYERS, *Appellee.*

(102 P. 2d 1028)

Opinion filed June 8, 1940.

*Jay Parker,* attorney general, *A. B. Mitchell,* assistant attorney general, and *Harry A. Lanning,* county attorney, for the appellant.

*Charles Rooney, John W. Lewis* and *Fred Rooney,* all of Topeka, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to abate and enjoin a common nuisance which consisted in the maintenance and operation of a slot machine in defendant's restaurant. Defendant's demurrer to the state's evidence was sustained, and from that ruling the state has appealed.

The action was instituted under the provisions of G. S. 1935, 21-918 (Laws 1907, ch. 263, § 1), the pertinent part of which reads:

"All places used for any of the unlawful purposes as mentioned in Laws 1895, chapter 151, section 1 [21-915], are hereby declared to be common nuisances, and, upon the judgment of a court having jurisdiction finding such place to be a nuisance under this act, the sheriff, his deputy, or undersheriff, or any constable of the proper county, or marshal or chief of police of any city where the same is located, shall be directed to abate and shut up such places by taking possession of all devices and all other property used in keeping and maintaining such nuisance, and such personal property so taken shall be forthwith publicly destroyed by such officer. The attorney general, county attorney, or any citizen of the county where such nuisance exists or is kept or is maintained, may maintain an action in the name of the state to abate and perpetually enjoin the same. . . ."

G. S. 1935, 21-915, provides:

"Every person who shall set up or keep any table or gambling device commonly called ABC, faro bank, EO, roulette, equality, keno, wheel of fortune, or any kind of gambling table or gambling device, adapted, devised and designed for the purpose of playing any game of chance for money or property, or shall induce, entice or permit any person to bet or play at or upon any such gaming table or gambling device, or at or upon any game played at or by means of such table or gambling device, either on the side of or against the keeper thereof, or shall keep a place or room to be used as a place for playing any game of cards for money or property, or keep a common gaming house, or keep a house, room or place to which persons are accustomed to resort for the purpose of gambling, shall on conviction be adjudged guilty of a felony, and punished by imprisonment and hard labor for a term not less than one year nor more than five years. (L. 1895, ch. 151, § 1.)"

G. S. 1935, 21-935, provides:

"Every person appearing or acting as master or mistress, or having the care, use or management for the time of any prohibited gaming table, bank or device, shall be deemed the keeper thereof; and every person who shall appear or act as master or mistress, or having the care or management of any house or building in which any gaming table, bank or device is set up or kept, or of any gaming house, brothel or bawdyhouse, shall be deemed the keeper thereof."

The state's testimony was substantially the same in the instant action as in the criminal action subsequently filed against the defendant (*State v. Myers,* post, p. 56, this day decided). Defendant's demurrer to the state's evidence in the instant case was based in part upon the contention the evidence failed to show the slot machine was used for gambling purposes. That contention, however, is not now argued by defendant (appellee) in support of the order sustaining the demurrer. The particular ground upon which defendant based his demurrer was that slot machines were not mentioned in the act of 1895, and if ever intended to be included in G. S. 1935, 21-915 (Laws 1895, ch. 151, § 1), they were in the year 1903, by implication, carved out of that statute by G. S. 1935, 21-1507, 21-1508 and 21-1509 (Laws 1903, ch. 223, §§ 1, 2, 3. Those statutes provide:

"The operation of any machine or mechanism for gambling purposes, and particularly those machines commonly known and designated as 'slot machines,' in the operation of which cash prizes or other valuable things are given, shall be deemed a misdemeanor.

"Every person who shall set up or keep in any room where merchandise is sold or kept for sale, hotel office, clubroom, saloon, joint, gambling house, brothel or other public or private place any slot machine or gambling device, devised and designed for the purpose of playing any game of chance for money

or property, and shall induce, entice or permit any person to bet or wager any money or other things of value thereon, shall on conviction thereof be adjudged guilty of a misdemeanor under this act, and shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail for a term of not less than thirty days nor more than one year.

"Upon conviction of any person or persons under the provisions of this act, the court shall as part of its judgment order the destruction of all slot machines used by or in possession of the defendant, and the sheriff of the county shall execute such judgment and order by publicly destroying such slot machine or slot machines by burning or otherwise."

Defendant insists the demurrer was properly sustained. He contends it is apparent from the 1903 enactments that slot machines were carved out of the 1895 law, if in fact they were ever intended to be embraced within the old law, because the 1903 law constituted subsequent and specific legislation on the express subject of slot machines. He also directs attention to the fact that the 1903 law makes violation of the slot-machine law only a misdemeanor, while Laws of 1895, chapter 151, section 1, made the setting up or keeping of a gambling device a felony. Defendant argues that if slot machines are now held to be included under the 1895 law, to wit, G. S. 1935, 21-915, there exist inconsistent penalties for the commission of the same offense. He therefore contends the subsequent enactments of 1903 must control. Defendant further contends the 1903 law, which specifically governs slot machines, also prescribes a specific and complete remedy for the abatement of the slot-machine evil, which is the destruction of the machines (G. S. 1935, 21-1509), and that no provision was made in the 1903 law for abating the evil by injunction.

It may be conceded the 1903 laws, being enacted subsequent to Laws of 1895, and dealing particularly with slot machines, supersede the old law insofar as inconsistent provisions in those laws are concerned. In other words, a violation of the 1903 slot-machine law constitutes a misdemeanor and not a felony, and the punishment for the offense is that prescribed for a misdemeanor by G. S. 1935, 21-1508. It may also be conceded that G. S. 1935, 21-1509, provides only for the destruction of slot machines. It will, however, be observed this latter section pertains to criminal prosecutions. It provides "upon conviction of any person or persons under the provisions of this act," etc. It does not follow, however, that it was the intention of the lawmakers in enacting the 1903 laws to repeal the then

existing provisions for injunctive relief in civil actions to abate the nuisance resulting from setting up and keeping a slot machine for gambling purposes in any of the places designated in the law of 1895 or 1903. The 1903 law did not expressly or impliedly repeal the existing remedy of injunction in civil actions. It is well to remember that repeals by implication are not favored and that a former act will be held to have been repealed by implication by a later act only when the latter enactment is so repugnant to the provisions of the first act that both cannot be given force and effect. (*Wolff v. Rife*, 140 Kan. 584, 38 P. 2d 102.)

Injunctive relief to abate the common nuisance, resulting from setting up and maintaining gambling devices, was provided by Laws 1895, ch. 151, § 4. The history of this legislation shows that § 4, ch. 151, Laws 1895, became paragraph 2231 of the General Statutes of 1901. Section 1, ch. 263, Laws of 1907 (G. S. 1935, 21-918), merely extended and made more complete the injunctive relief previously provided. The rule of statutory construction applicable here is that provided in G. S. 1935, 77-201, *First*, which is:

". . . The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment."

The 1907 act made injunctive relief available as to all places used for any of the unlawful purposes mentioned in Laws 1895, ch. 151, § 1 (G. S. 1935, 21-915). The principle that legislation by reference, such as that contained in the 1907 law, is valid, is well established. (*State v. Shawnee County*, 83 Kan. 199, 110 Pac. 92; *State, ex rel., v. Davis, Governor*, 116 Kan. 663, 666, 229 Pac. 757.)

It will be observed G. S. 1935, 21-915, included any kind of gambling device, adapted, devised and designed for the purpose of playing any game of chance for money or property. A slot machine is a gambling device. (*Boynton v. Ellis*, 57 F. 2d 665.) We conclude the lawmakers in 1903 did not intend to and did not expressly or by implication repeal the then existing remedy of injunction in civil actions. We further conclude the lawmakers in 1907, by enacting G. S. 1935, 21-918, intended to grant, in addition to the right to destroy slot machines when constituting a nuisance, injunctive relief for the purpose of abating the nuisance resulting from the maintenance and operation of slot machines in places designated in G. S. 1935, 21-915. It will be observed G. S. 1935, 21-918 (the 1907 law), like the 1903 law, provides for the destruction of devices and prop-

erty used in keeping and maintaining the nuisance. No inconsistency, therefore, exists in that respect between the 1903 and 1907 provisions. The judgment must be reversed. The cause is remanded with directions to overrule the demurrer.

WEDELL, J., dissents.