No. 36,343

MARGARET B. MARSHALL, *Appellee,* v. JOHN T. MARSHALL, *Defendant,* and EDWARD E. PEDROJA, Temporary Conservator of the Estate of John T. Marshall, Absentee, *Appellant.*

(156 P. 2d 537)

Opinion filed March 10, 1945.

*Edward E. Pedroja,* of Eureka, temporary conservator, argued the cause *pro se.*

*K. W. Pringle,* of Wichita, argued the cause for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal in a divorce action by the temporary conservator of defendant's estate who was qualified and acting under the original jurisdiction of the district court pursuant to chapter 234, of the Laws of 1939, an act relating to estates of absentees.

On October 1, 1943, appellee filed an action for divorce, custody and control of three minor children and for a settlement of property rights.

Service on the principal defendant, John T. Marshall, was obtained by publication and approved. On June 8, 1944, plaintiff, appellee, obtained a decree of divorce upon the grounds of defendant's extreme cruelty and gross neglect of duty. The record discloses defendant came home in an intoxicated condition and struck appellee with a wrench. Her skull was fractured and she spent approximately seven weeks in a hospital. There was danger she always might have trouble with her eyesight as a result of the injuries sustained. Defendant disappeared the same night and has not been heard from since the assault. All attempts to locate him have failed.

The custody and control of three minor children, 17, 13 and 10 years of age, was awarded to appellee. Among the findings of fact made by the trial court were the following:

"The court further finds from the evidence that during their married life, the parties plaintiff and defendant, jointly accumulated a considerable amount of real and personal property, and that during their married life, the plaintiff contributed toward their joint accumulations, personal property consisting principally of cash in excess of Forty Thousand ($40,000.00) Dollars, and that plaintiff has not been reimbursed in any way, for said contributions or any part thereof.

"The court further finds from the evidence that all of the known property of the defendant, John T. Marshall, which includes the property jointly accumulated by plaintiff and defendant, is now in the custody and possession of Edward E. Pedroja, as Conservator appointed by this court in Suit No. 17,607, on November 27th, 1943, and now pending in this court; and that a full inventory and appraisement of said properties, including the legal descriptions of real estate forming a part thereof, is on file in this court in said conservatorship proceedings.

"The court further finds that owing to the condition of the estate that is now being administered by said Conservator, there being some substantial debts unpaid, the matter of a division of property between the parties plaintiff and defendant, should be left undetermined at this time, and that the court should retain jurisdiction of this cause for such purpose including all matters pertaining to property rights between the parties."

Pursuant to those findings the judgment expressly reserved jurisdiction of the cause for the purpose of determining the settlement of property rights.

On December 7, 1944, appellee moved to have appellant made a party defendant for the purpose of determining the matter over which the court had expressly reserved jurisdiction. The motion was allowed and on December 8 personal service of summons was had on appellant. The latter promptly filed his answer setting forth fully the financial status of the absentee's estate. The answer included: A report on insurance policies held by the absentee; a record of all property, real and personal, which came into appellant's hands as conservator; a record of collections and expenditures made pursuant to orders of the same district court and a description of all property in his hands as of November 27, 1944, that being the date of his annual report to the district court.

The answer further disclosed: Appellant had cash and other property in his possession appraised in the total sum of $69,376.41; allowed but unpaid claims in the sum of $9,373.78; that upon the sale of a Greenwood county farm which previously had been ordered sold by the district court to pay claims, there would be sufficient funds on hand to pay the allowed claims and the cost of administering the absentee's estate.

Appellee's reply admitted that insofar as she knew appellant's report of his administration and of property remaining in his hands as conservator was true. Appellee prayed for a settlement of her property rights.

In the final judgment it was found and decreed that in view of: (1) The treatment appellee had suffered at the hands of the defendant; (2) the fact the parties had three minor children age 17, 13 and 10 years respectively, all of whom are in the custody of and are being supported and educated by appellee; (3) the fact appellee during her married life had contributed more than $40,000.00 in cash and other property toward the joint accumulations of the parties, none of which had ever been repaid to appellee in any form, all property remaining in the hands of appellant, subject only to the allowed claims and cost of administration in the temporary conservator proceeding, should be and were set over to appellee.

Appellant was ordered: To sell the land designated for the payment of allowed claims and cost of administration; to deliver to appellee all property thereafter remaining in his possession; to make

the necessary conveyance of all property to appellee and in the meantime to continue the monthly payments of $300 to her. The judgment further provided the decree itself should operate as a conveyance and transfer of such property to appellee.

No issue is presented concerning the sufficiency of service on the defendant or the jurisdiction of the court over the person and property of the defendant absentee. Nor is there any contention the judgment did not constitute a fair and just division of property rights as between appellee and her husband.

The sole contention of appellant, the conservator, was and is the district court is wholly without power or authority to make any lawful order or decree whereby the property or any part thereof in the possession and control of a temporary conservator of an absentee's estate may be subjected to the claims of appellee or any other person except as expressly provided in the act relating to estates of judgment did not constitute a fair and just division of property the judgment rendered. G. S. 1943 Supp. 60-4009, relied upon by appellant, provides:

"That no temporary conservator appointed hereunder shall make any distribution of the estate of said absentee except as herein provided. Said temporary conservator shall file an account of his administration of said estate annually and in case said absentee shall return and make demand for his property, the said temporary conservator shall file a final account of his administration of said estate and account to the said absentee with the approval of the court for all of said estate not theretofore disposed of as provided for herein, and in case a permanent conservator is appointed as hereinafter provided, the said temporary conservator shall account to him in like manner. That the said temporary conservator or his bondsmen shall not be liable for any property legally disposed of as provided for herein, and upon the filing and approval of his final account and being discharged as herein provided, said temporary conservator and his bondsmen shall be discharged from any further duties or liabilities. Said conservator and his bondsmen shall in any event be liable only for maladministration of said estate."

Does the law pertaining to estates of absentees supersede and render nugatory express statutory provisions of law pertaining to alimony or property settlements which are incidents of our divorce law where one of the spouses is an absentee within the purview of the law pertaining to such estates?

The title of the absentee act reads:

"An Act relating to absentees, vesting the district courts of the state of Kansas with jurisdiction over the estate of absentees, providing procedure for the preservation, administration and disposition of the property of absentees

and providing a statute of limitation against their recovery thereof." (Laws 1939, ch. 234.)

We have held the primary purpose of the law was to insure a proper administration of such an estate during the absence of its owner to the end that its loss or waste may be prevented. (*Ruppenthal v. Maag,* 153 Kan. 588, 595, 113 P. 2d 101.)

The act makes provision for contributions from the absentee's estate by the temporary conservator for the support of dependents and specifies the procedure therefor (G. S. 1943 Supp. 60-4006) and also provides the procedure for the final settlement of the estate by the permanent conservator after a seven years' absence by the owner thereof. (G. S. 1943 Supp. 60-4010 to 60-4023, incl.) Neither the title of the act nor any provision in this act, however, refers to the jurisdiction of the district court over the subject of divorce and incidents thereof such as alimony or division of property rights. Clearly the absentee act does not expressly repeal the jurisdiction of district courts with respect to the subject of divorce or incidents thereof. It is a well-settled canon of construction that repeals by implication are not favored. (*State v. Webb,* 133 Kan. 650, 3 P. 2d 485; *Wolff v. Rife,* 140 Kan. 584, 38 P. 2d 102; *State, ex rel., v. Myers,* 152 Kan. 52, 55, 102 P. 2d 1028.)

It is entirely clear that the absentee law does not purport to take the place of specific statutory provisions for alimony or settlement of property rights as provided under our divorce law. (G. S. 1943 Supp. 60-1511.)

"In order that a specific provision of a legislative act be repealed by the implication arising from the passage of a subsequent act, such subsequent act must contain that which was clearly intended to take the place of such specific provision." (*Gilbert v. Craddock,* 67 Kan. 346, Syl. ¶ 1, 72 Pac. 869.)

See to the same effect, *State v. Webb,* 133 Kan. 650, 652, 3 P. 2d 485; *School Districts v. Stafford County Comm'rs,* 141 Kan. 108, 113, 40 P. 2d 334.

It is the function and duty of courts to reconcile apparent inconsistencies in laws to the end that all may be given full force and effect in their intended field and scope of operation. Whenever that reasonably can be done it never should be held that one law overturns or destroys another. (*Stephens v. Ballou,* 27 Kan. 594, 601; *In re Murray,* 88 Kan. 855, 857, 129 Pac. 1144; *Harwood v. Railway Co.,* 101 Kan. 215, 219, 171 Pac. 354; *Fuller v. Atchison, T. & S. F. Rly. Co.,* 124 Kan. 66, 74, 257 Pac. 971; *State, ex rel., v. Myers,* 152 Kan. 52, 55, 102 P. 2d 1028.)

A party, as in the instant case, may obtain a valid decree of divorce long before the expiration of a seven-year period of absence by the other spouse. As an incident to the decree of divorce a party is entitled to have the subjects of "alimony" or "division of property" determined. (G. S. 1943 Supp. 60-1511.)

The absentee act, as previously stated, has a definite and beneficent purpose but we think it would be straining that act unduly to conclude it clearly discloses the lawmakers intended thereby to deprive the husband or wife of their own interests and rights in property for a period of seven years or that the lawmakers intended thereby to deny to district courts all power and authority to make a fair and reasonable division and settlement of property rights in a divorce action filed during the seven-year period.

We may pursue the instant case one step further. If no proceeding under the absentee statute had been instituted and defendant had been residing outside of the state it cannot be doubted that the district court would have acquired jurisdiction over defendant's property in an action for divorce and division of property where service on defendant was obtained by publication. (*Campbell v. Campbell,* 144 Kan. 247, 58 P. 2d 1133.) In the present case the court obtained such jurisdiction prior to the appointment of appellant as temporary conservator. Manifestly, the district court did not lose that jurisdiction by reason of its subsequent appointment of a conservator to protect defendant's property from loss or waste.

While the term "alimony" is employed in some portions of the decree it is clear that the subject over which jurisdiction was expressly reserved at the time the divorce was granted was the "division of property" or "property settlement." Moreover, as conceded by the parties, the subsequent decree in reality constituted a settlement of property rights.

The district court had jurisdiction to entertain the instant action and to decree a property settlement. It follows the judgment with respect to the single issue now before us must be affirmed. It is so ordered.