Nos. 41,830 and 41,831

STATE OF KANSAS, *Appellee*, v. JACK GREENWOOD, *Appellant*.

(352 P. 2d 434)

Opinion filed May 14, 1960.

*Harold Gibson*, of Lyons, argued the cause, and was on the briefs for the appellant.

*Richard L. Ankerholz*, county attorney, argued the cause, and *John Anderson, Jr.*, attorney general, and *Robert E. Hoffman*, assistant attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: The appellant was the defendant in each of two criminal cases in the court below. In each of the informations defendant was charged first, with keeping gambling devices, described as Buckley Electronic Criss Cross Pointmaker slot machines; and secondly, with permitting David Johnson and other persons to play the described gambling devices for money, all in violation of G. S. 1949, 21-915. The first case involved the operations of the defendant as the manager of the American Legion Club, and the second case involved defendant's operations as manager of the Veterans of Foreign Wars Club. Both clubs were located in the city of Lyons. The two cases were consolidated for trial to the same jury. The defendant was convicted on all four counts, and appeals to this court.

The evidence in these cases was quite simple; it may be summarized and stated as follows: On the two nights of July 30, and 31, 1958, David E. Johnson, an agent for the state, visited both of the club rooms and found three of the described machines in the American Legion Club and two in the Veterans of Foreign Wars Club. He played all of the machines and won and was paid stated

sums of money on all of the machines except one, where it appears he failed to win.

The mode of operation of the machines was shown to be that the person desiring to play would give to either the defendant or a bar maid behind a counter certain money. The "keeper of the machine" would then punch a button or switch behind the counter which would light up a sign on the machine showing the number of times the gambler might play the machine. The charge for operating the machine was ten cents a play. The player then pulled a crank or touched a button which caused the rollers in the machine to revolve and finally stop showing so many plums, cherries, lemons, or combination thereof. If the player won, the machine did not automatically "pay off" in coin, but additional games were registered on the lighted sign. When the player decided to quit playing, the person behind the counter tending or "keeping" the machine paid the player the amount of money to redeem the number of games still shown on the lighted sign of the machine. If the player had increased the number of games to a greater number than he had paid for, he won that increased amount over the sum he paid in starting to play the machine.

Defendant raises but one question in this appeal which requires some discussion. Giving his brief and oral argument the most favorable interpretation, he urges that G. S. 1949, 21-915 makes certain acts punishable as felonies, while at least very similar acts are made only misdemeanors by G. S. 1949, 21-1508. He likewise points out that the felony statute was enacted last in 1895, and the misdemeanor statute in 1903. It is then argued that there has been a repeal by implication of section 21-915, and that defendant should have been charged and found guilty of only a misdemeanor. Authorities as to the repeal by implication of criminal statutes are to be found in *Lawton v. Hand,* 183 Kan. 694, 331 P. 2d 886; and 82 C. J. S. 520, § 303b.

The gambling statutes of the state were exhaustively reviewed and considered in the opinion of the case of *State v. Brown,* 118 Kan. 603, 236 Pac. 663, which was a prosecution under the statute now appearing as G. S. 1949, 21-915. It was said in the Brown case:

"It is an essential element of the offenses of setting up or keeping a gambling device, or of inducing persons to bet or play at a game thereon, that there be a keeper of such device, as that term is defined in R. S. 21-935." (Syl. ¶ 2.)

On the other hand, it seems clear that G. S. 1949, 21-1508, must be construed to apply only to those self-sufficient slot machines and other gambling devices as may be set up and played without an attendant, and with the machine taking in money from the player and "paying off" automatically any winnings (*State, ex rel. v. Myers,* 152 Kan. 52, 102 P. 2d 1028).

That the gambling devices involved in the case at bar required a "keeper" for the interest of the house in order to play the machines, and that there was such a person at all times is undisputed under the testimony. Therefore, it would seem no offense was charged under the misdemeanor statute referred to above. *State v. Brown,* supra, has been cited with approval, see *State v. Six Slot Machines,* 166 Kan. 361, p. 365, 201 P. 2d 1039. Other cases not directly in point are to be found in the annotations under the statutes, and need not be cited herein.

All other matters raised by the defendant have been carefully considered but would seem to require no comment. The judgments of the district court in both cases here involved must be affirmed.

It is hereby so ordered.

PRICE, J., dissents.