No. 44,078

THE STATE OF KANSAS, *Appellant*, v. JAMES BURNEY, *Appellee*.

(398 P. 2d 335)

Opinion filed January 23, 1965.

*Richard H. Seaton,* Assistant Attorney General, of Topeka, argued the cause, and *William M. Ferguson,* Attorney General, of Topeka, and *A. L. Moffat,* County Attorney, of Kinsley, were with him on the brief for the appellant.

*Rae E. Batt,* of Kinsley, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The State of Kansas brings this appeal, on a question reserved by it, from the sentence pronounced against the defendant, James Burney, in the district court of Pawnee county.

The facts are not in dispute and are summarized briefly, as follows: The defendant was charged with stealing an automobile of the value of $1400.00, in violation of G. S. 1961 Supp., 21-533. Upon his arraignment in district court, at which his court-appointed counsel was present, the defendant Burney, after being fully advised of his rights, pleaded guilty to the charge made against him and was sentenced to confinement in the state penitentiary at Lansing, Kansas, for a period of not less than five nor more than fifteen years, pursuant to the provisions of G. S. 1949, 21-534.

After this sentence was pronounced, the defendant's counsel orally moved that it be vacated. The trial court sustained this motion,

set its previous sentence aside, and proceeded to re-sentence the defendant to be confined in the state penitentiary for not to exceed five years. The instant appeal is from the sentence thus imposed.

The sole question presented in this appeal is whether the sentence of "not to exceed five years" is a valid sentence under the law. This requires consideration of the pertinent statutes.

The statute under which the defendant was charged, G. S. 1961 Supp., 21-533, reads as follows:

"Every person who shall be convicted of feloniously stealing, taking or carrying away any money, goods, rights in action or other personal property or valuable thing whatsoever of the value of fifty dollars ($50) or more, shall be deemed guilty of grand larceny."

The penalties for grand larceny are found in G. S. 1949, 21-534, which provides:

"Persons convicted of grand larceny shall be punished in the following cases as follows: First, for stealing any automobile or motor vehicle, by confinement at hard labor for not less than five years and not more than fifteen years; second, for stealing a horse, mare, gelding, colt, filly, neat cattle, mule or ass, by confinement at hard labor not exceeding seven years; third, in all cases of grand larceny, except as provided in the two succeeding sections [*], by confinement at hard labor not exceeding five years."

Construing these two statutes together, the conclusion would appear to be justified that the present statutory penalty for theft of an automobile or motor vehicle of a value of fifty dollars ($50) or more is confinement at hard labor for not less than five nor more than fifteen years, and, consequently, that the sentence originally imposed against Burney was a legal and valid sentence.

However, it is argued by the defendant, and this argument apparently appeared plausible to the trial court, that when, in 1959, the legislature passed the present statute defining grand larceny, which is now G. S. 1961 Supp., 21-533, and is the statute under which the defendant was charged and convicted, it repealed, by implication, that part of G. S. 1949, 21-534, which provides imprisonment for not less than five nor more than fifteen years for theft of an automobile or motor vehicle. This contention, as we understand defense counsel, is based on certain differences which exist between the 1959 enactment (the present 21-533) and two predecessor statutes. In General Statutes of Kansas, 1949, 21-533 appeared as follows:

"Every person who shall be convicted of feloniously stealing, taking or carrying away any money, goods, rights in action or other personal property or valuable thing whatsoever of the value of twenty dollars or more, or any automobile, or motor vehicle, or any horse, mare, gelding, colt, filly, ass, mule, neat

cattle, sheep, goat, hog, or in the nighttime any domestic fowls, harness, or saddles, belonging to another, shall be deemed guilty of grand larceny." '

In 1957, the Kansas legislature, obviously giving heed to the ever declining value of the dollar, amended 21-533 in one particular, and one only, *i. e.*, by inserting "fifty dollars ($50)" in lieu of the more humble "twenty dollars" so that Section 21-533 then read as follows:

"Every person who shall be convicted of feloniously stealing, taking or carrying away any money, goods, rights in action or other personal property or valuable thing whatsoever of the value of fifty dollars ($50) or more, or any automobile, or motor vehicle, or any horse, mare, gelding, colt, filly, ass, mule, neat cattle, sheep, goat, hog, or in the nighttime any domestic fowls, harness, or saddles, belonging to another, shall be deemed guilty of grand larceny."

In 1959, as we have indicated, the legislature again amended the statute, this time enacting 21-533 in its present form. In the present statute all reference to specific types or kinds of property is omitted, and grand larceny is predicated solely on the value of the property stolen, regardless of its form.

Because value, rather than form, is now the distinguishing characteristic of property subject to grand larceny, the defendant would infer an intent on the part of the 1959 legislature to delete from 21-534, which defines the punishment for grand larceny, that provision which imposes a more severe penalty for theft of motor vehicles than for theft of other types of property. This reasoning, if sound, would apply as well to the specific provision in 21-534 which provides a somewhat greater punishment for theft of certain animals than for other personal property.

In approaching the solution to the question posed by the defendant, we are to be guided by the well-settled rule that the law does not favor repeals by implication. In *Wolff v. Rife,* 140 Kan. 584, 38 P. 2d 102, this court held:

"Repeals by implication are not favored in the law, and a former act will be held to have been repealed by implication by a later act only when the later enactment is so repugnant to the provisions of the first act that both cannot be given force and effect." (Syl. ¶ 1.)

This rule has been followed consistently in this jurisdiction. (*Marshall v. Marshall,* 159 Kan. 602, 156 P. 2d 537; *McCall v. Goode,* 168 Kan. 361, 212 P. 2d 209; *Tague v. Hudspeth, Warden, et al.,* 171 Kan. 225, 231 P. 2d 209; *Ferrellgas Corporation v. Phoenix Ins. Co.,* 187 Kan. 530, 358 P. 2d 786.)

We see no actual repugnancy between G. S. 1961 Supp., 21-533 and G. S. 1949, 21-534. Under the terms of 21-533, the theft of an

automobile, or motor vehicle, valued at fifty dollars ($50) or more, constitutes grand larceny. Under the provisions of 21-534, the penalty for grand larceny of an automobile, or motor vehicle, is declared to be not less than five nor more than fifteen years. There is no inconsistency in, or essential conflict between, these two statutes. Both may operate effectively within their respective spheres; 21-533 defining grand larceny, and 21-534 providing its penalties. So it is, that a person who has been convicted of stealing an automobile, or motor vehicle, of the value of fifty dollars ($50) or more is guilty of grand larceny, and he is to be punished for his crime by confinement at hard labor for not less than five nor more than fifteen years.

It is true that 21-534 sets harsher penalties for stealing certain property, *i. e.*, automobiles, horses, etc., if their value be sufficient to make their theft grand larceny, than for stealing other kinds of property of equivalent worth. However, no contention is made by the defendant that the classification is arbitrary or beyond the power of the legislature to create. Indeed, identical classifications have appeared in our statutes without challenge for many years, long before the present 21-533 was passed in 1959.

In 52 C. J. S., Larceny, § 158, it is said:

". . . Special, and generally more severe, penalties are prescribed in many jurisdictions on conviction of larceny depending on the circumstances, such as . . . the theft of certain kinds of property, such as horses, cattle, automobiles. . . ." (p. 1015.)

Such is the situation in Kansas. In *Edwards v. Hudspeth*, 159 Kan. 37, 151 P. 2d 698, this court recognized the existence of such distinctions and, on page 38, said:

"It will be noticed that the lawmakers have seen fit to provide that one who steals an automobile shall be punished more severely than had his offense been that of stealing some other form of property. . . ."

Our purpose, in the interpretation of statutes, is to arrive at the real intention of the legislature. (*White v. Kansas City*, 102 Kan. 495, 170 Pac. 809.) In so doing, statutes are to be read together and harmonized, if at all possible, to the end that all may be given force and effect. (*In re Estate of Park*, 147 Kan. 142, 75 P. 2d 842; *Marshall v. Marshall*, supra.)

Because there is no basic inconsistency between 21-533 and 21-534, as they are now constituted, we are not entitled to infer, from the passage of the present statute, any intent on the part of the 1959 legislature to do away with increased penalties for grand

larceny when the property stolen was either a motor vehicle or a certain favored animal.

It is obvious that in 1959 the legislature did intend to abolish the form or kind of property taken as a factor in the definition of grand larceny. However, we believe it equally clear that the legislature had no intention of emasculating 21-534, insofar as increased penalties for grand larceny are concerned, when the purloined articles are either motor vehicles or various barnyard animals of the required value.

We must assume that members of the 1959 legislature were well aware that for many years Kansas statutes had made provision for penal sentences of longer duration for the larceny of certain forms of property, specifically motor vehicles and livestock, than for others. Had any change in that legislative policy been intended, such a change could have been accomplished easily and explicitly by the amendment of 21-534 in the desired particulars. That no change was made indicates the legislative recognition of a continuing need for the imposition of harsher sentences for grand larceny, when the subject of the larceny is property which is more mobile or easier of access than other forms of property of equivalent value.

The defendant points to various decisions of this court in support of the sentence imposed, but, upon examination, we find they do not sustain his position. The cases which are cited announce the rule that where statutes are in irreconcilable conflict, the one last enacted will prevail. We are in agreement with this rule of law, but it has no application in the case before us. As we have previously stated, there is no contradiction between 21-533 and 21-534, as they are read and construed together.

We conclude that the trial court erred in imposing its sentence against the defendant, and that this case must be reversed with directions to impose a legal sentence in accordance with the views herein expressed.

It is so ordered.