**Roy RATLEY, Appellant,**

v.

**Sherman H. CROUSE, Warden, Appellee.**

**No. 8675.**

United States Court of Appeals
Tenth Circuit.

June 7, 1966.

Robert D. Benham Kansas City, Kansas, for appellant.

Richard H. Seaton, Asst. Atty. Gen., of Kansas (Robert C. Londerholm, Atty. Gen., of Kansas, on the brief), for appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and LANGLEY, District Judge.

HILL, Circuit Judge.

Appellant, a state prisoner, appeals from an order dismissing his petition for a writ of habeas corpus without a hearing.

Ratley pleaded guilty in the District Court of Stevens County, Kansas, to grand larceny of an automobile, in violation of K.S.A. 21-533, was sentenced to

not less than five nor more than fifteen years and placed on probation. About four months later his parole was revoked and he commenced serving the sentence imposed. He has exhausted his state remedies.

In this appeal two sections of the Kansas Statutes Annotated, 21–533 and 534, are attacked as inconsistent, repugnant to each other and repugnant to the Fourteenth Amendment.

 The question presented does not raise a federal question, so as to give a federal court authority to entertain the state prisoner's petition for a writ of habeas corpus. The question is simply one of interpretation of state statutes, and properly, for the determination by the state courts.[1]

The Supreme Court of Kansas in State v. Burney, 194 Kan. 292, 398 P.2d 335, decided this precise question and held that the two statutes in question are not inconsistent or repugnant, that section 534 was not repealed by implication upon enactment of section 533 and approved the increased penalty for the larceny of an automobile.

 Appellant also complains here because the trial judge did not appoint an attorney to represent him before dismissing the petition. We have said many times that a habeas corpus petitioner is not entitled, as a matter of absolute right, to have counsel appointed for him.[2] In addition, the fact that the petition did not raise a federal question certainly eliminated any necessity for the appointment of counsel.[3]

The trial court correctly refused to enter a show cause order and dismissed the petition.

Affirmed.

---

1. Richie v. Patterson, 10 Cir., 360 F.2d 161; and Pearce v. Cox, 10 Cir., 354 F. 2d 884.

2. See Flowers v. State of Oklahoma, 10 Cir., 356 F.2d 916.

3. It should be noted that in the District of Kansas, it is the general practice to appoint counsel for indigent habeas corpus petitioners in all cases requiring a hearing.