Mr. Justice Moore
delivered the opinion of the Court.
We will refer to plaintiff in error as Richie, to defendant in error as respondent, and to Colorado State Board of Parole as Board of Parole.
Richie filed a petition for habeas corpus in the district court of Fremont county, Colorado, alleging that he is unlawfully imprisoned by respondent in the Colorado State Penitentiary. He claimed that he had not been sentenced to the penitentiary by any competent court of law; that he was brought to the penitentiary by agents of the Board of Parole although he was not on parole due to the fact that his “Parole Contract” had expired. It was his contention that the parole issued by the Board of Parole constituted an “agreement” which expired or terminated his sentence as of April 21, 1963; that the Board of Parole had no authority to revoke the parole after that date; and that it was not in fact revoked or suspended until May 15, 1963. The petition for the writ was denied.
*502 Petitioner was sentenced to serve a term of from two to ten years in the state penitentiary for the crime of burglary, and began serving that term on October 19, 1959. July 12, 1962, he was released on parole by the Board of Parole under an order by that body dated July 11, 1962.
The written instrument under which Richie obtained release from confinement inside the prison walls contained a statement of conditions to be obeyed by him. It also contained his written agreement to observe said conditions, which we quote as follows:
“I agree to abide by all of the conditions of my parole hereinafter set forth, and I do hereby waive extradition to the State of Colorado from any state or territory of the United States or from the District of Columbia, and agree that I will not contest any effort to return me to the State of Colorado at any time before the expiration of my maximum sentence. I have read or have had read to me this entire document. And I understand the conditions and the waiver, also I have received a copy of it.”
On the back of this document there appears the following notation:
“P62 402
COLORADO STATE
PENITENTIARY
PAROLE
Name JOHN W. RICHIE, JR., (Reparole)
Granted May 29, 1962
Date of Parole July 12, 1962
Expires April 21, 1963”
The last item above has been marked out and the date “September 12, 1966” has been inserted.
Richie argues that because there appeared on the parole document the original notation “Expires April 21, 1963” his maximum sentence as pronounced by the court was thereby reduced, and that from and after April 21, 1963, he could not be returned to prison to complete his sentence following violation of the conditions of parole *503 which occurred subsequent to that date. This argument is wholly untenable. It is sufficient to direct attention to the provisions of the statute which define the powers and duties of the Board of Parole as follows:
39-18-1.
“The state board of parole under such rules and regulations as it may prescribe may issue a parole or permit to go at large to any convict who now is, imprisoned in the penitentiary, who may have served the minimum, term pronounced by the court, or, in the absence of such minimum term pronounced by the court, the minimum term provided by law for the crime for which he was convicted. * * *”
39-18-2.
“The paroled convict who upon the order of the state board of parole, may be returned to the penitentiary, shall be retained therein according to the terms of his original sentence and in computing the period of his confinement the time between his release upon said permit and his return to said penitentiary shall not be taken to be any part of the term of the sentence.”
39-18-3.
“This article shall not be construed in any sense to operate as a discharge of any convict paroled under its provisions but simply a permit to any such convict to go without the enclosure of the penitentiary, and if, while so at large, he shall so behave and conduct himself as not to incur his reincarceration then he shall be deemed to be still serving out the sentence imposed upon him by the court and shall be entitled to good time the same as if he had not been paroled. But if the said paroled prisoner shall be returned to the penitentiary, he shall serve out his original sentence as provided for in section 39-18-2.”
The fact that a notation “Expires April 21, 1963” appears on the back of a parole document could not possibly have the effect of changing the sentence originally imposed by the judgment of the court upon a person *504 convicted of a crime. Said notation could have no effect whatever in conferring any benefit upon the parolee or in limiting the powers of the Board of Parole. The revocation of parole was fully justified.
The judgment is affirmed.