John Willis **RICHIE, Jr.,** Appellant,

v.

Wayne K. **PATTERSON,** Warden, Colorado State Penitentiary, Appellee.

No. 8630.

United States Court of Appeals
Tenth Circuit.

April 13, 1966.

---

**162**

Robert E. Benson, Denver, Colo., for appellant.

James W. Creamer, Jr., Denver, Colo. (Duke W. Dunbar, Atty. Gen., Frank E. Hickey, Deputy Atty. Gen., and James F. Pamp, Asst. Atty. Gen., on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

The district court, after a hearing, denied habeas corpus relief to appellant, a prisoner in the Colorado penitentiary. He was sentenced in 1959 under C.R.S. 1953 § 40-3-6 to confinement "for a period not exceeding TEN (10) years and not less than TWO (2) years." In July, 1962, he was released on parole by the State Board of Parole under a parole agreement or order which, on its reverse side, carried the notation that it expired on April 21, 1963. This date has been marked out and the date September 12, 1966, inserted. According to the answer of the warden this change was made on October 1, 1963. In the preceding May the Parole Board had revoked the parole because of violation of its terms.

 The prisoner contends that his sentence terminated on April 21, 1963, and that he could not be reconfined for actions occurring after that date. These same points have been presented to the Colorado courts. In Richie v. Tinsley, (Colo.) 395 P.2d 738, 740, the state Su-

preme Court said that the notation on the back of the parole document "could not possibly have the effect of changing the sentence originally imposed by the judgment of the court." In the circumstances we see no need to review the various Colorado statutes on which reliance is placed. The highest court of the state has construed them contrary to the position of the prisoner. Federal habeas corpus relief is available to a state prisoner "only when fundamental rights guaranteed by the Constitution of the United States have been transgressed." Oyler v. Taylor, 10 Cir., 338 F.2d 260, 262, certiorari denied Oyler v. Willingham, 382 U.S. 847, 86 S.Ct. 92, 15 L.Ed. 2d 87. No such transgression is shown in the instant case.

Affirmed.